OPINION OF THE COURT
Warren M. Doolittle, J.
The defendant, a dentist, is presently charged with several counts of sexual abuse in that he allegedly, during the course of dental treatments, subjected several of his patients to sexual contact without their consent.
The People, in the course of the prosecution, have served a judicial subpoena duces tecum upon the defendant requiring the defendant to produce the following: "Dental records of complainants * * * including, but not limited to: X rays; records of incompleted treatments; records of completed treatments; appointment dates; claims for reimbursement; amounts of anesthesia administered; the exact name, chemical composition; manufacturer and supplier of the anesthia administered; dental charts; bills for services rendered; names of employees who assisted in treatment”.
The defendant now moves to quash the subpoena, arguing *875 that the production of said patient’s records is a violation of his constitutional right against self-incrimination.
It is this court’s opinion that the defendant’s argument must fail as to those items contained in the complainant’s records which are relevant to this prosecution, namely: X rays; records of incompleted treatments; records of completed treatments; appointment dates; amounts of anesthesia administered; the exact name, chemical composition, manufacturer and supplier of the anesthesia administered; the dental charts. As to the other items, this court agrees with the District Attorney that they are irrelevant to the prosecution and need not be produced.
While it appears to this court that the facts surrounding the subpoena of patient records in the prosecution of a physician or dentist for allegedly committing a crime against a patient and the questions of law such subpoena raises would be ones of first impression, there is a great deal of case law involving the general area of the law in which this case appears to lie. That general area of the law involves the question of self incrimination as it applies to certain documents and records.
It is quite clear that an individual is protected both by the Constitution of the United States and by the New York State Constitution from being forced to disclose any information that would be self incriminating. This would include both oral testimony of the accused as well as production of an individual’s personal papers and records. (United States v White, 322 US 694; Boyd v United States, 116 US 616; Beilis v United States, 417 US 85.)
However, the courts have carved out certain exceptions to this privilege as it applies to personal papers and records.
The first and major exception is known as the "required records” doctrine. In a series of cases the United States Supreme Court spelled out the nonprivileged status of records validly required by law to be kept. (Wilson v United States, 221 US 361; Shapiro v United States, 335 US 1.)
In Grosso v United States (390 US 62) the Supreme Court set forth the three basic terms of the "required récords” doctrine. The court stated (pp 67-68): "[F]irst, the purposes of the United States’ inquiry must be essentially regulatory; second, information is to be obtained by requiring the preservation of records of a kind which the regulated party has customarily kept; and third, the records themselves must have *876 assumed 'public aspects’ which render them at least analogous to public documents.”
In the present case it is quite clear that the documents in question fail to meet the third requirement and, therefore, the "required records” doctrine is inapplicable and this court need not examine whether or not the first and second requirements have been satisfied.
The second line of cases, and the area which this court feels is applicable to the circumstances present, establishes the proposition that an individual cannot rely upon the privilege against compulsory self incrimination to avoid producing records which are in his possession in a representative capacity, even if these records might incriminate him personally.
This doctrine has its genesis in a series of cases involving corporate records: (Wilson v United States, supra; Dreier v United States, 221 US 394; Grant v United States, 227 US 74). These cases all involved corporations and the subpoenas required corporate records to be produced by either corporate officers (Wilson, Dreier) or a sole shareholder who had possession of the records (Grant).
The doctrine was expanded beyond corporate records in United States v White (supra). There the court held that an officer of an unincorporated association could not claim the privilege to justify his refusal to produce the records and set forth the general rule that the privilege could not be employed by an individual to avoid production of the records of an organization which he holds in a representative capacity as custodian on behalf of the group.
Since the White case the Supreme Court has applied the general rule to a number of organizations: "These decisions reflect the Court’s consistent view that the privilege against compulsory self-incrimination should be 'limited to its historic function of protecting only the natural individual from compulsory incrimination through his own testimony or personal records’ * * * Relying on this fundamental policy limiting the scope of the privilege, the Court in White held that 'the papers and effects which the privilege protects must be the private property of the person claiming the privilege, or at least in his possession in a purely personal capacity.’ ” Beilis v United States, 417 US 85, 89-90.)
The issue then for this court to decide is whether or not the patient records in question are the "private property” of the defendant or whether they are merely held by him as custodian for the patient.
*877 Since this issue appears to this court to be one of first impression, the court must examine it in the light of current trends that the courts and Legislature have taken when regarding patients’ records.
A starting point for this examination should be the enactment in 1974 of section 17 of the Public Health Law which provided that the medical records, X rays and test records of a patient be released upon the written request of said patient to any other "designated physician or hospital”. It would appear that while the statute does not provide for the release of the records directly to the patient, the section impliedly recognizes the custodial status in which a physician stands in regard to the records.
In a civil case decided by the Orange County Supreme Court on November 14, 1977, involving an application to produce for discovery and inspection the complete dental records of a patient, the court stated: "More importantly, although a doctor or dentist may well have the primary custodial rights to the treatment records of his patients, it does not follow that his rights are exclusive and that the patient has no rights with respect thereto. To the contrary in my view, the patient has a 'property’ right sufficient to afford her the privilege of reasonable access to her medical and dental records.” (Matter of Striegel, 92 Misc 2d 113.)
While this court recognizes the distinct differences between a civil as opposed to a criminal action, under these circumstances this court may take cognizance of a civil action in attempting to resolve the issue concerning the capacity in which the records in question are held.
So it would appear to this court that the dental records are not "private property” or in the defendant’s possession "in a purely personal capacity” so as to allow him to evoke the privilege against self incrimination.
Accordingly, defendant’s motion to quash the subpoena duces tecum issued by this court and calling for the production of certain documents and dental records in defendant’s possession is granted only as to the following items sought in the subpoena: claims for reimbursement; bills for services rendered; names of employees who assisted in treatment.
As to the other items sought by the subpoena, they are to be produced.