**Betty BISHOP, Appellant,**

**v.**

**MISSOURI STATE DIVISION OF FAMILY SERVICES, Respondent.**

**No. 61345.**

Supreme Court of Missouri, En Banc.

Dec. 6, 1979.

Rehearing Denied Jan. 15, 1980.

James M. Smith, Legal Aid of Western Missouri, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

The judgment affirmed a decision of the Director of the Missouri State Division of Family Services which reduced an Aid to Dependent Children grant pursuant to § 453.400 RSMo 1978. Appellant contends that § 453.400 which provides that stepparent income may be considered available in a determination of A.D.C. benefits is in conflict with the Social Security Act and therefore invalid under the supremacy clause of the United States Constitution. The decision turns on whether § 453.400 is a law of general applicability as required by Federal law. Affirmed.

Betty Bishop lives with her husband, George, three minor children of their marriage, Everett, Anthony and Melinda, and another minor child by a prior marriage, Ronald Tungent. Mr. Bishop was receiving $213 per month in retirement and disability benefits from the Social Security Administration. Because of these payments, Mrs. Bishop and three of the four children in the home, including Ronald, were each receiving social security benefits of $24.80 per month. (The fourth child, Melinda Bishop, was the recipient of Supplemental Security Income). Mrs. Bishop was receiving, $135 per month in A.D.C. benefits for herself and Ronald.

In September 1978, D.F.S. informed Mrs. Bishop that the A.D.C. grant for herself and Ronald Tungent would be reduced to $29 per month pursuant to § 453.400, which provides, *inter alia*, that one half the income of a stepparent, not otherwise exempt, living in the same household as the stepchild could be included in the budget by which the amount of A.D.C. payments is determined. Evidence at the hearing accorded Mrs. Bishop by D.F.S. illustrated the budgeting procedure of the A.D.C. grant

and demonstrated the result of the inclusion of one half of the income of Mr. Bishop, Ronald's stepfather.

The Aid to Families with Dependent Children program was established by the Social Security Act of 1935, 42 U.S.C. § 601 et seq. *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), held that income of an able-bodied man consorting with a mother could not be assumed available for support of a mother and her children, and *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970), held that income of a male assuming the role of spouse could not be assumed available for support of family. After these cases the United States Department of Health, Education and Welfare promulgated the regulation against which Missouri's statute creating a stepparent duty of support must be tested in determining the validity of Missouri's Aid to Families with Dependent Children Program insofar as it provides some stepparent income is available for support of an applicant or recipient family.

The H.E.W. regulation permits such assumption of available income:

"* * * in relation to the child's stepparent who is ceremonially married to the child's natural or adoptive parent and is legally obligated to support the child under State law of general applicability which requires stepparents to support stepchildren to the same extent that natural or adoptive parents are required to support their children * * *" 45 C.F.R. § 233.90(a).

Missouri's establishment of a stepparent duty of child support is contained in §§ 453.400 and 568.040 RSMo 1978, the essential features of which are:

Imposition of a general duty of support upon a stepparent living with a stepchild which does not supersede that of the child's natural or adoptive parent; but carries with it a right of subrogation against the

defaulting natural or adoptive parent; that does not confer custody or inheritance rights in the stepparent to the stepchild; that applies without regard to public assistance provided the stepchild; that does not render a stepchild ineligible for A.F.D.C. simply because a stepparent lives in the same home but permits consideration of stepparent income in determining financial eligibility and level of A.F.D.C. benefits; limits consideration of stepparent income for A.F.D.C. purpose to one half the stepparent's net income minus actual payments made by the stepparent pursuant to court order for support of his natural or adoptive children; and a parent commits the crime of nonsupport if he fails to provide support for his minor child or stepchild.

■ Whether a State statute is one of general applicability as required by 45 C.F.R. 233.90(a) has been considered in other jurisdictions. Appellant relies principally on *Gaither v. Sterrett*, 346 F.Supp. 1095 (N.D.Ind.1972), aff'd., 409 U.S. 1070, 93 S.Ct. 688, 34 L.Ed.2d 660 (1972), which considered a statute similar in some respects to § 453.400, and on an opinion of an H.E.W. Regional Commissioner to similar effect. The Court determined that the Indiana statute was not a law of general applicability creating the same duty of support upon stepparents as upon natural or adoptive parents and held it invalid as inconsistent with the Social Security Act because it obligated only stepfathers, rather than stepparents; only while living together; and only if the stepchild would otherwise be eligible for A.F.D.C. benefits; and it provided no civil or criminal enforcement remedy. In contrast, Missouri's stepparent duty of support law applies equally to male and female parents, § 453.400.1; regardless of public assistance being provided the stepchild, § 453.400.5; is susceptible of criminal enforcement, § 568.040; and includes a civil remedy.[1]

---

1. "* * * [w]here a statute or the organic law creates a right, but is silent as to the remedy, the party entitled to the right may resort to any common law action which would afford him adequate and appropriate means of redress * * *." *State ex rel. Applegate v.*

*Taylor*, 224 Mo. 393, 123 S.W. 892, 918 (banc 1909). See also *R— v. R—*, 431 S.W.2d 152 (Mo.1968), which recognized a civil remedy for support of illegitimate children in absence of a statute imposing such a duty.

The infirmity found in the Indiana statute, shared by the Missouri statute, that the duty to support a stepchild ceased when the stepparent chose not to live in the same household, was found to be irrelevant in *Archibald v. Whaland*, 555 F.2d 1061 (1st Cir. 1977), and *Kelley v. Iowa Department of Social Services*, 197 N.W.2d 192 (Iowa 1972), appeal dismissed, 409 U.S. 813, both of which are in point and persuasive.

New Hampshire's stepparent duty of support law was first considered in *Archibald v. Whaland*, 418 F.Supp. 991 (D.N.H.1976), where it was said to contravene federal requirements by not imposing a duty to support stepchildren as natural children because it required the child to be in need (akin to a welfare situation) whereas the domestic relations statutes (not applicable to stepchildren) would order support regardless of need, and because the criminal nonsupport statute applied to natural children but not stepchildren.

The court of appeals in reversal noted that the disparity in support obligations between natural parents and stepparent upon leaving the home, a feature of domestic relations statutes, was irrelevant because when the stepparent leaves the home the A.F.D.C. program becomes available. The court, *Archibald v. Whaland*, 555 F.2d at 1066, could see no reason of welfare policy "that would make post-separation support obligations germane to the question of compliance with 45 C.F.R. § 233.90(a), which deals with the requirements to be met if AFDC is not to be available. * * * the Court's teaching in these cases [*King v. Smith*, supra, and *Lewis v. Martin*, supra, is] that the support function served by AFDC itself could only be replaced by a breadwinner with the 'appropriate' support obligations of a natural parent. Were all of the obligations to be identical and coextensive, the effect would be a compulsory requirement on all states participating in A.F.D.C. (and all states do participate) to have civil support, criminal support, and divorce and separation laws treating natural, adoptive, and stepparents equally in all respects. * * * no interest of national welfare policy * * * requires such pervasive monitoring of state domestic relations law."

*Kelley v. Iowa Department of Social Services*, supra, 200, 202, found it "immaterial that a stepparent may have power at common law to leave the family and terminate his obligation to support his stepchildren, for the Department then ceases consideration of his income in the absence of actual contributions. * * * the Department's regulations are in line with one of the dominant theses of this law: to employ all available resources before ADC is used. * * * This family is living together, and the Department properly considered the stepfather's income * * *." Note that *Crout v. Walsh*, No. 78–4013–CV–C (W.D.Mo. 5–23–78), relied on dismissal by the United States Supreme Court of the appeal from the Iowa decision when dismissing without prejudice a challenge similar to this one to the 1977 Missouri legislation establishing stepparent duty of support.

*Lewis v. Martin*, supra, 397 U.S. 559, 90 S.Ct. 1285, said that a state law would be one of general applicability if it provided "in reality a solid assumption on which estimates of funds actually available to children on a regular basis may be calculated." Implicit in appellant's argument is the belief that if a stepparent can defeat his duty of support by leaving the household, there is no solid assumption that his income will be regularly available. This argument was answered in a decision upholding the constitutionality of statutes which imposed a duty of support upon a stepparent so long as the legal relationship of husband and wife persisted between a stepparent and natural parent, *Washington Statewide Org. of Stepparents v. Smith, Secretary*, 85 Wash.2d 564, 536 P.2d 1202, 1206–1207 (1975):

"Regulations of the Department of Social and Health Services, since the enactment of * * * stepparent support statutes) * * * have treated children who live with a stepparent the same as children who live with both natural parents. * * * The Department could reasonably have considered the fact that where a mother

has remarried, her husband has made a serious commitment to her and it can therefore be assumed that his earnings will be available to meet the needs of the children, as well as the needs of the wife, upon a fairly stable basis, whereas such a presumption would not be justified where the mother is maintaining a meretricious relationship. The department also could reasonably assume that a man who is willing to marry the mother of young children is willing to take an interest in them and act as a substitute father to them, an assumption not ordinarily justified where there is no marriage relationship * * *."

The foregoing demonstrates that Missouri's stepparent duty of support law is one of general applicability in satisfaction of requirements of the Social Security Act, and not in violation of the supremacy clause of the United States Constitution, so that the income of Mrs. Bishop's present husband was properly considered in determining the level of A.F.D.C. benefits for herself and her child, Mr. Bishop's stepchild.

Accordingly the judgment is affirmed.

RENDLEN, WELLIVER and MORGAN, JJ., concur.

DONNELLY, J., concurs in result.

BARDGETT, C. J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of BARDGETT, C. J.

BARDGETT, Chief Judge, dissenting.

I respectfully dissent. The facts are set forth in the principal opinion as well as the H.E.W. regulation and the Missouri statute involved in this case.

The issue is whether § 453.400, RSMo 1978, satisfies the requirements of H.E.W. regulation 45 C.F.R. § 233.90(a). The H.E.W. regulation requires that the state law be one of general applicability, which requires stepparents to support stepchildren to the same extent that natural or adoptive parents are required to support their children. Section 453.400 does not require stepparents to support a stepchild unless the stepchild is living in the same home with the stepparent. This was one of the findings of the three-judge District Court in *Gaither v. Sterrett*, 346 F.Supp. 1095 (N.D. 1972), which prevented an Indiana statute from being used to reduce AFDC payments. The United States Supreme Court affirmed, *Sterrett, Administrator, Department of Public Welfare, et al. v. Gaither, et al.*, 409 U.S. 1070, 93 S.Ct. 688, 34 L.Ed.2d 660 (1972). In my opinion, § 453.400, RSMo 1978, does not require stepparents to support stepchildren to the same extent that natural or adoptive parents are required to support their children and therefore cannot be used to terminate or reduce A.D.C. payments. There is no need to declare § 453.400 invalid or unconstitutional. However, to the extent § 453.400 is inconsistent with the federal regulations, which I believe it is, then this state statute may not be used, in my opinion, as a vehicle to terminate or reduce A.D.C. payments. I would therefore reverse the circuit court judgment, and consequently I dissent.