OPINION OF THE COURT
Lawrence J. Bracken, J.
This application seeks an order directing Dr. Charles Werner, 3 Hamilton Lane, Huntington, New York, to furnish petitioner’s attorneys “with a complete photostatic copy of his office records pertaining to Helen Gerkin, deceased, pursuant to CPLR Section 3102, at a time to be fixed in the order to be entered hereon, and further directing that Dr. Charles Werner produce all such office records together with the names of any other doctors, nurses, attendants and/or any and all other personnel who were involved in this matter, so that petitioner’s attorneys may discover, inspect and make complete copies of said office records.”
The application made on behalf of Robert Gerkin, surviving spouse of Helen Gerkin, deceased, is unopposed.
A wrongful death action or a negligence-malpractice action based upon personal injury to a decedent must be *644 brought by a person in a representative capacity, i.e., an executor or administrator of the decedent’s estate. In contrast to an existing action which survives the injured party’s death, a wrongful death action or a negligence action based upon personal injuries sustained by the decedent, is not a simple devolution of a cause of action which the deceased would have had, but is an entirely new cause of action (George v Mt. Sinai Hosp., 47 NY2d 170).
An action may be brought by the decedent’s personal representative (EPTL 11-3.2). Such action is brought not on behalf of the decedent’s estate, but rather on behalf of the decedent’s distributees (EPTL 5-4.3).
If an action is brought in the name of the wrong party, dismissal is the appropriate response (George v Mt. Sinai Hosp., supra; Jones v State of New York, 51 NY2d 943).
It is clear that an application pursuant to CPLR 3102 (subd [c]) may be submitted before the service of a summons and complaint or after the service of a summons with notice. This court determines, however, that such an application, which allows for discovery to aid in the framing of a complaint in a wrongful death action or in a negligence-malpractice action based upon personal injury to a decedent, must be brought by a person acting in a representative capacity.
A patient, however, has a property right sufficient to afford such patient the right of reasonable access to his own medical records, unrelated to CPLR 3102 (subd [c]), or to whether or not litigation is even contemplated (Matter of Striegel, 92 Misc 2d 113; cf. People v Cohen, 98 Misc 2d 874).
CPLR 4504 (subd [c], par 1) requires a physician to “disclose any information as to the mental or physical condition of a deceased patient * * * when the privilege has been waived by * * * the surviving spouse” (Matter of Hofberg, 50 Misc 2d 147).
Based upon a patient’s right of access, supra, and the provisions of CPLR 4504 (subd [c], par 1) which are not limited to disclosure in an action or contemplated action, a surviving spouse is entitled to the discovery of the medical *645 records of a deceased spouse (Matter of Hofberg, supra). Such surviving spouse is not required to demonstrate that such applicant has sufficient facts to make out a prima facie case and that the purpose of such discovery is to frame a complaint;
The application is granted for the reasons set forth.