**Sheila Ann WEAR, Plaintiff–Appellant,**

v.

**Gary K. WALKER, et al.,**
**Defendants–Respondents.**

No. 16878.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 6, 1990.

Motion for Rehearing or Transfer
Denied
Nov. 26, 1990.

Application to Transfer Denied
Jan. 9, 1991.

James R. Sharp, Wear, Karchmer & Nelms, Springfield, for plaintiff-appellant.

Robert W. Freeman, Kenny B. Newman, Freeman, Fredrick and Rogers, Springfield, for defendants-respondents.

FLANIGAN, Chief Judge.

This appeal involves the refusal of physicians to furnish to a patient on her request a copy of the record of her health history and treatment. Section 191.227,[1] enacted in 1988, reads:

"1. All physicians, chiropractors, dentists, and other duly licensed practitioners in this state, herein called 'providers,' shall, upon written request of a patient, or guardian or legally authorized representative of a patient, furnish a copy of his record of that patient's health history and treatment rendered to the person submitting a written request, except that such right shall be limited to access consistent with the patient's condition and sound therapeutic treatment as determined by the provider. Such record shall be furnished within a reasonable time of the receipt of the request therefor and upon payment of a reasonable fee, which fee shall not exceed the actual cost of time and materials used to compile, duplicate and furnish such record.

2. The transfer of the patient's record done in good faith shall not render the provider liable to the patient or any other person for any consequences which resulted or may result from disclosure of the patient's record as required by this section."

Plaintiff Sheila Ann Wear filed this action against the four defendants, who are physicians. The trial court sustained defendants' motion to dismiss, which was directed to the [first amended] petition. The ground of the motion was that the petition

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

failed to state a claim upon which relief can be granted. Plaintiff appeals.

In *Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357, 360 (Mo.App.1983), this court said:

"When a petition is attacked by motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted. The facts alleged, however, are taken to be true and the pleader is entitled to all inferences fairly deducible therefrom. If such facts and such inferences, viewed most favorably from plaintiff's standpoint, show any ground for relief, the petition should not be dismissed. The petition is not to be dismissed when the allegations of the petition invoke principles of substantive law which may entitle the plaintiff to relief or when it appears that the plaintiff may be able to prove a set of facts which would entitle him to relief on his claim. The ruling on a motion to dismiss is ordinarily confined to the face of the petition which is construed in a light favorable to plaintiff.... The petition must be accorded a liberal construction." (Citing authorities.)

The petition alleged, in substance, the matters set forth in the following three paragraphs:

Defendants are physicians engaged in the practice of medicine as a partnership. Prior to October 24, 1988, plaintiff was a patient of, and received medical treatment from, defendants. In the course of providing medical treatment, defendants made a record of plaintiff's health history and medical treatment provided her while under their care.

On October 12, 1988, plaintiff made a written request to defendants for a copy [2] of her medical records. On October 24, 1988, at defendants' office, plaintiff made an oral request for a copy of her medical records. On October 24, 1988, defendants intentionally, maliciously and with reckless indifference to the rights of plaintiff, and in violation of § 191.227 RSMo, refused to furnish plaintiff a copy of her medical records. "Section 191.227 provides plaintiff with an implied cause of action against defendants for a violation of that statute."

"Due to the outrageous and malicious refusal of defendants, done with reckless indifference to plaintiff's rights under § 191.227, punitive damages are warranted."

The prayer of the petition was for $1.00 nominal damages and $14,990 punitive damages, together with costs.

A petition must contain two elements. They are: "(1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled." Rule 55.05.

■ The motion which the trial court sustained was a motion to dismiss and not a motion to strike. The motion to dismiss, in essence, challenged the sufficiency of the petition with respect to element (1). It is of no moment whether the petition alleged facts entitling plaintiff to an award of monetary damages, nominal, actual or punitive. So long as plaintiff alleged facts showing that she was entitled to some relief, it is immaterial whether she is entitled to any or all of the relief prayed for. *Caldwell v. Eubanks*, 326 Mo. 185, 30 S.W.2d 976, 980 (1930); *Barnett v. Ground*, 304 Mo. 593, 263 S.W. 836, 840 (Mo.1924); *U.S. Suzuki Motor Corp. v. Johnson*, 673 S.W.2d 105, 106[2] (Mo.App.1984); *Mercantile Trust Company v. Chase Hotel, Inc.*, 510 S.W.2d 807, 809[6] (Mo.App.1974); *Wollums v. Mutual Ben. Health & Accident Ass'n*, 226 Mo.App. 647, 46 S.W.2d 259, 264[6] (1931).

■ The prayer of a petition may be disregarded in determining what relief is authorized by the facts pleaded. *Iota Management v. Boulevard Inv. Co.*, 731 S.W.2d 399, 417[25] (Mo.App.1987); *Oster-*

---

**2.** Some portions of the petition state that plaintiff made written and oral requests "for her medical records," and other portions refer to plaintiff's request for "a copy of her medical records." Defendants make no mention of this difference in terminology. Since the petition must be accorded a liberal construction, it is deemed to allege that the requests were for a copy rather than for the original records themselves.

*berger v. Hites Const. Co.*, 599 S.W.2d 221, 230 (Mo.App.1980); *Mills v. Keith Marsh Chevrolet, Inc.*, 549 S.W.2d 604, 608[5] (Mo.App.1977); *S___ v. W___*, 514 S.W.2d 848, 853[5] (Mo.App.1974); *State v. Carroll*, 343 S.W.2d 622, 629[13] (Mo.App. 1961). The same rule prevails in the federal courts. "[I]t need not appear that plaintiff can obtain the particular relief prayed for, as long as the court can ascertain that some relief may be granted." Wright & Miller, Fed.Pract. & Proc., § 1357, p. 339 (1990).

■ Although it is sometimes said that the prayer is no part of the petition, *Osterberger v. Hites Const. Co., supra,* at 230; *Wollums v. Mutual Ben. Health & Accident Ass'n, supra,* 226 Mo.App. 647, 46 S.W.2d at 264[5], it is more accurate to state that the relief prayed for is no part of plaintiff's cause of action or claim for relief. *Menke v. Rovin*, 352 Mo. 826, 180 S.W.2d 24, 26 (1944).

No Missouri case has been cited or found dealing with the question of whether a physician has a common law duty to disclose to his patient, upon request, the contents of the patient's medical records. There seems to be little case law authority on the question. Several jurisdictions have held that such a common law duty exists. *Emmett v. Eastern Disp. & Cas. Hosp.,* 396 F.2d 931, 935 (D.C.Cir.1967); *Cannell v. Medical and Surgical Clinic*, 21 Ill. App.3d 383, 315 N.E.2d 278, 280 (1974); *Ruffin v. Strange*, 434 So.2d 1200, 1202 (La.App. 1 Cir.1983); *Claim of Gerkin*, 106 Misc.2d 643, 434 N.Y.S.2d 607, 608[6] (1980); *People v. Cohen*, 98 Misc.2d 874, 414 N.Y.S.2d 642, 644 (1979); *Application of Striegel*, 92 Misc.2d 113, 399 N.Y.S.2d 584, 585–586 (1977). "A patient has a property right in records which is sufficient to afford the right of reasonable access to them." 70 C.J.S. Physicians & Surgeons § 58, p. 451 (1987).[3]

■ Section 191.227.1, as applicable here, requires a physician, upon the written request of a patient, to furnish the patient a copy of the physician's record of the patient's health history and treatment. The statute, in the sentence imposing that duty, then says: "Except that such right shall be limited to access consistent with the patient's condition and sound therapeutic treatment as determined by the [physician]."

■ The general rule is that where a right of action is given by statute which contains an exception, a plaintiff in stating a cause of action upon the statute must negative the exception. *Kemper v. Gluck*, 327 Mo. 733, 39 S.W.2d 330, 333[4] (1931). To similar effect see *Nichols v. Davidson Hotel Company*, 333 S.W.2d 536, 541 (Mo. App.1960); 71 C.J.S. Pleading § 86(d), p. 205 (1951).

Although defendants present several arguments in support of the dismissal, one argument they do not advance is that the petition fails to negative the exception, if it truly is an exception. It may be that defendants do not make this argument because they know it is factually unsupported. In any event, such an argument would not be valid under the circumstances here for several reasons.

The language following the word "except" does not really constitute an exception but rather a restriction in the nature of a condition subsequent. It does not seek to eliminate the right of access but merely to limit it. Rarely would a situation arise where the patient's condition and sound therapeutic treatment would require a denial of all access. Since the patient usually has no knowledge of the contents of the records sought, it would be unreasonable to impose upon the patient a burden to disprove a claim that she should be denied access because of her condition. The physician should have the burden of pleading and proving the need for limiting access. Moreover, the instant petition alleged that defendants violated the statute and did so maliciously. A liberal construction of the

---

**3.** Art. III of the "Uniform Health–Care Information Act," approved by the National Conference of Commissioners on Uniform State Laws in 1985, deals with examination and copying of patients' records. For a discussion of that Act, see 61 Am.Jur.2d Physicians & Surgeons, § 165.4 (Supp.1990).

petition would equate that allegation with a denial that circumstances existed which would bring the exception into play.

Although § 191.227.1 mentions "such right," the word "right" does not earlier appear in the statute. The terminology must refer to a right on the part of the patient to be furnished a copy of his medical records on request. The statute contains no language affording a specific remedy to the patient in the event that right is not honored. The statute contains no language imposing any punishment or penalty on a physician who fails to perform the duty of furnishing. Section 191.227 was enacted as an Act consisting only of itself. It was not a part of a group of allied statutes dealing with the same general subject and enacted at the same time.

■ Where a statute creates a right, but is silent as to the remedy, the party entitled to the right may resort to any common law action which would afford him adequate and appropriate means of redress. *Bishop v. Missouri State Div. of Family Serv.*, 592 S.W.2d 734, 736[1] (Mo. banc 1979); *State ex rel. Applegate v. Taylor*, 224 Mo. 393, 123 S.W. 892, 918 (1909). See also § 874A Restatement (Second) of Torts. *Applegate* points out that included in such "common law action" is an action for an injunction.

■ On the other hand, where a statute creates a new right or liability that did not exist at common law or under prior statutes, and also provides a specific remedy for the enforcement thereof, as a general rule such statutory remedy is exclusive. *Gales v. Weldon*, 282 S.W.2d 522, 529[10] (Mo.1955). If the statute gives a remedy in the affirmative, without containing any express or implied negative, for a matter which was actionable at common law, this does not take away the common law remedy, but the party may sue at common law as well as upon the statute. In such cases, the statutory remedy will be regarded as merely cumulative. *Everett v. County of Clinton*, 282 S.W.2d 30, 34[2] (Mo.1955).

From time to time Missouri courts have confronted the issue of whether the violation of a statute gives rise to a private cause of action on the part of the beneficiary of the statute against the violator. In some situations the private cause of action was upheld. *Cheek v. Prudential Ins. Co.*, 192 S.W. 387, 390 (Mo.1916); *Jensen v. Feely*, 691 S.W.2d 926 (Mo.App. 1985); *State v. Kansas City Firefighters Local 42*, 672 S.W.2d 99 (Mo.App.1984). In other situations the private cause of action was denied. *Sherrill v. Wilson*, 653 S.W.2d 661 (Mo. banc 1983); *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944 (Mo. banc 1982); *Christy v. Petrus*, 365 Mo. 1187, 295 S.W.2d 122 (1956).

In *Christy* the court said, 295 S.W.2d at p. 126:

> "We think it may be correctly stated that a statute which creates a criminal offense and provides a penalty for its violation, will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent."

*Christy* is distinguishable because it involved a statute providing for a penalty, while § 191.227 does not. *Shqeir* is distinguishable because it involved a statute for which the legislature "established other means of enforcement." The statute in *Shqeir* was enforceable by means of another statute which was penal although not criminal. *Sherrill* is distinguishable because the statute "was not passed for the benefit of a discrete class."

"Duty and right are correlative; and, where a duty is imposed, there must be a right to have it performed." *Cheek*, at 390. Section 191.227 does not impose any penalty nor provide any express remedy for its violation. If the instant action does not lie, the statute is unenforceable and meaningless.

Seeking to uphold the trial court's order of dismissal defendants present these arguments:

1. Section 191.227 contains no express language giving the patient a private cause of action against the physician in the event of a breach, nor does the statute provide

for an award of damages. That argument is answered by the principle enunciated in *Bishop, supra,* to the effect that where a statute creates a right, but is silent as to the remedy, the party entitled to the right may resort to any common law action, here including injunction, which would afford him adequate and appropriate means of redress.

 2. Plaintiff is not within the class of persons sought to be protected by the statute because the petition does not plead that plaintiff's request for a copy of the medical records was accompanied by "any offer to pay the reasonable fee" mentioned in § 191.227.1. The petition alleged that plaintiff is a patient of the defendants-physicians and it cannot reasonably be argued that she is not a member of the class sought to be benefited by the statute. So far as the failure of the petition to mention an offer to pay the fee is concerned, this court agrees with the counter-argument made by plaintiff in her reply brief. That counter-argument is that the duty to furnish a copy of the record is imposed by the submission of a written request. The statute does not require that the request include an express offer to pay. Such an offer would be implied. It is true that the duty to furnish is contingent upon payment of a reasonable fee. However, the petition is subject to the construction that the request itself was flatly rejected. If, in fact, plaintiff expressed an unwillingness to pay a reasonable fee, defendants may so assert in their answer.

3. "The creation of an implied private cause of action under § 191.227 is not necessary in that there exists an effective remedy in equity in the form of a suit for an order requiring a health care provider to deliver to a patient a copy of his medical records." This argument, in effect, concedes the invalidity of defendants' motion to dismiss because, as previously pointed out, a petition is sufficient if it shows that plaintiff is entitled to any relief, even though he may not be entitled to any or all of the relief prayed for.

 4. Section 191.227.2 "implicitly recognizes that a health care provider may

be sued by a patient for a transfer of records not done in good faith. The inference should be that the legislature did not intend for there to be some sort of damage (remedy) other than expressed in § 191.227.2." This argument has no validity. In effect, it is saying that a physician's refusal to comply with § 191.227.1 merits the protection afforded by § 191.227.2 with respect to a good faith compliance. This court rejects the argument that the second section of the statute eliminates the first section.

 5. Missouri cases holding that violation of other statutes gave rise to a private cause of action involved situations of "unique historical and economic backdrop," *Cheek,* or "a clear and present danger to the public welfare," *State v. Kansas City Firefighters Local 42,* or "threat of injury of person or property," *Jensen,* and none of those factors is present here. Although the enumerated factors may have been present respectively in the cases mentioned, none of those cases holds that any such factor is a sine qua non for implying the existence of a private cause of action. To deny a patient the remedy of a civil action to enforce § 191.227 would frustrate the obvious legislative intent. The trial court erred in sustaining defendants' motion to dismiss.

The judgment is reversed and the cause remanded.

PARRISH, P.J., and SHRUM, J., concur.