Richard **LIVINGSTON** and Jane Livingston, husband and wife, and Livingston Jewelers, Inc., a Missouri corporation, Plaintiffs–Appellants,

v.

**WEBSTER COUNTY BANK**, a banking corporation, Defendant–Respondent.

No. 18582.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 3, 1994.

Christopher J. Stark, Springfield, for plaintiffs-appellants.

John W. Sims, Marshfield, for defendant-respondent.

FLANIGAN, Presiding Judge.

On November 18, 1991, plaintiffs Richard Livingston and Jane Livingston filed a three-count petition in the Circuit Court of Webster County against defendant Webster County Bank. The trial court sustained the bank's motion to dismiss. Plaintiffs appeal.

Plaintiffs contend that the trial court erred in dismissing this action for several reasons, including the following: "The court improperly considered facts raised in defendant's motion which referred to two previously filed cases which were not part of the record in the instant case ... [and] were not properly introduced into evidence." For the reasons which follow, this court agrees.

Both the petition and the motion to dismiss are slipshod pleadings. The petition is prolix, rambling, and, in some portions, vague. It would have been subject to a motion for more definite statement, Rule 55.27(d),[1] but defendant did not file such a motion.

Defendant's motion sought dismissal of the petition, and each of its three counts, on the following grounds: (1) failure to state a claim upon which relief can be granted; (2) the relief sought is "barred by the case law of the state of Missouri, the applicable Missouri Statute of Limitations, and the doctrine of res judicata." The trial court's order of dismissal did not designate the ground or grounds on which it was based. None of the grounds is meritorious.

When a petition is attacked by motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted. The facts alleged, however, are taken to be true and the pleader is entitled to all inferences fairly deducible therefrom. If such facts and such inferences, viewed most favorably from plaintiff's standpoint, show any ground for relief, the petition should not be dismissed. The petition is not to be dismissed when the allegations of the petition invoke principles of substantive law which may entitle the plaintiff to relief or when it appears that the plaintiff may be able to prove a set of facts which would entitle him to relief on his claim. The ruling on a motion to dismiss is ordinarily confined to the face of the petition which is construed in a light favorable to plaintiff.... The petition must be accorded a liberal construction. (Citing authorities.)

*Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357, 360 (Mo.App.1983). See also *Wear v. Walker*, 800 S.W.2d 99, 101 (Mo.App. 1990).

The prayer of the petition may be disregarded in determining what relief is authorized by the facts pleaded. *Wear*, at 101. So long as plaintiffs allege facts showing that they are entitled to some relief, it is immaterial whether they are entitled to any or all of the relief prayed for. *Id.*

The petition alleged, among other things, that on January 30, 1982, plaintiffs executed a deed of trust in favor of the bank and that on January 1, 1983, plaintiffs executed another deed of trust in favor of the bank. The petition alleged that "there is a

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

failure of consideration with respect to the procurement of the aforesaid deeds of trust." The petition also alleged that on July 19, 1983, plaintiffs executed another deed of trust in favor of the bank, and that the bank informed plaintiffs that if plaintiffs would execute the deed of trust dated July 29, 1983, the two previous deeds of trust would be cancelled. The petition further alleged that the bank "breached an agreement between plaintiffs and [the bank] wherein [the bank] had agreed to mark as paid" the deed of trust of January 30, 1982, and the deed of trust of January 1, 1983. Construed liberally, the petition alleged that the bank was seeking to foreclose under the deed of trust of January 30, 1982, or the deed of trust of January 1, 1983. The petition sought injunctive relief against the threatened foreclosures and monetary relief.

Defendant's brief in this court makes no effort to justify, on ground 1 of the motion, the trial court's ruling. This court holds that the petition is sufficient to withstand ground 1 of the motion.

■ The first prong of ground 2 is deficient. A motion is required to state with particularity the grounds therefor. Rule 55.-26(a). A statement that a petition "is barred by the case law of the state of Missouri" does not meet that requirement.

■ With respect to the statute of limitations, this court said in *Independent Gravel Company v. Arne*, 695 S.W.2d 914, 916 (Mo. App.1985):

The statute of limitations is an affirmative defense. Rule 55.08. A party desiring to avail himself of the statute of limitations, "must plead the particular statute upon which he relies ... must plead the very provision." *Neidert v. Neidert*, 637 S.W.2d 296, 300[3, 4] (Mo.App.1982); *Tudor v. Tudor*, 617 S.W.2d 610, 613 (Mo. App.1981). See also *Modine Manufacturing Company v. Carlock*, 510 S.W.2d 462, 466–467[2–3] (Mo.1974). In *Neidert* it was held that an allegation, in an answer, that the claim sued on was "barred by the statute of limitations" was insufficient to raise the affirmative defense of the statute of limitations.

Similarly in *Reed v. Rope*, 817 S.W.2d 503 (Mo.App.1991), the court said, 817 S.W.2d at 507: "To successfully aver a statute of limitation as a bar to a claim, a party must set forth specifically the particular statute upon which he relies. *Southwestern Bell Tel. Co. v. Buie*, 758 S.W.2d 157, 161 (Mo.App.1988)."

The bank's motion does not plead the particular statute of limitations upon which it relies, and the second prong of ground 2 is deficient.

■ With respect to the doctrine of res judicata, the bank's motion is deficient. Res judicata is an affirmative defense. Rule 55.-08. Seeking to uphold the ruling of the trial court, the bank's brief refers to two prior actions in the Circuit Court of Webster County apparently involving the same parties. The motion made no such reference. The bank adduced no evidence in support of its motion. No portion of the proceedings in either of the two prior actions is in the record on appeal.

In *Randall v. St. Albans Farms, Inc.*, 345 S.W.2d 220 (Mo.1961), the court said, 345 S.W.2d at 223:

While plaintiff's petition and the evidence offered in support of the motions to dismiss tended to show that a prior action had been filed by plaintiff and that it had been dismissed by the circuit court of the same county, the proceedings therein were in a different case and no request was made by either plaintiff or defendants that the court take judicial notice of its own records in the prior case, nor does the record show that the court did take such judicial notice of its own records on its own motion in order to rule the issues presented. Judicial notice is a rule of evidence. *The facts of which a trial court does take judicial notice must be offered in evidence so as to become a part of the record in the case.* (Citing authorities; emphasis added.)

In *State v. Pennick*, 364 S.W.2d 556 (Mo. 1963), the court said, at 559:

We are mindful of the general rule that a court will take judicial notice of its own records. That rule dispenses with the necessity of *identifying* the records of another case in the same court, but in a situation like the one before us it is necessary that

the files and records be *offered* in evidence. The reason for that requirement appears in the following: "It is of course true that for certain purposes and within certain limits a court may take judicial notice of its own records in another and different case in the same court, yet where a showing of the existence of some such record or entry is essential to enable a party to a cause to bear his burden of proof upon some matter at issue therein, then the record itself must be introduced in evidence, absent an admission of its contents by opposing counsel. Were the rule otherwise, a cause might indeed be well and fairly enough disposed of in the trial court by the mere assumption of the truth of facts which both court and counsel might privately know to exist, but obviously no record could be made and preserved so as to enable an appellate court to review a case which had been thus determined by the lower court's having taken judicial notice of records of its own of which the appellate court could not possibly have or take a corresponding judicial notice." (Citing authorities; emphasis in original.)

The statement of facts portion of plaintiff's brief in this court does not contain an admission of the contents of the proceedings in the two prior actions. The res judicata prong of defendant's motion is deficient because records of the two prior proceedings were not offered into evidence so as to become a part of the record on appeal.

It may be that this action is vulnerable to properly pleaded defenses with respect to the statute of limitations or res judicata, but this record lacks them. Some of the matters which the bank seeks to argue in support of its defective motion might be more appropriately raised by a motion for summary judgment under Rule 74.04, or after the pleadings are closed by a motion for judgment on the pleadings, Rule 55.27(b).

The judgment is reversed and the cause remanded.

PREWITT and CROW, JJ., concur.