STATE EX REL. George MOORE
and Crystal Moore, Relators,

v.

Honorable Michael James LIGONS,
Respondent.

No. SD 35031

Missouri Court of Appeals,
Southern District,
Division One.

Filed October 27, 2017

■■■■■■■■■

Attorney for Relators: Michael Moroni, Bloomfield, Missouri.

Attorney for Respondent: C. Wade Pierce, DUNCAN & PIERCE, Poplar Bluff, Missouri.

GARY W. LYNCH, J.

George and Crystal Moore (the "Moores") seek a writ of prohibition or mandamus commanding the Honorable Michael James Ligons ("the trial court") to set aside an order striking the Moores' answer as being untimely. We issued a preliminary writ of prohibition, and the East Butler County Sewer District ("the District"), the plaintiff in the underlying proceeding, filed an answer and brief on behalf of the trial court. For reasons stated below, we now quash the preliminary writ.

### Factual and Procedural Background

On December 14, 2016, the District filed a petition ("the First Petition") against the Moores. The Moores were served with process on December 31, 2016. The First Petition generally alleged that, following notice to the Moores of the delinquency of their sewer account, the District "shut off and capped" sewer services to the Moores' residence ("the Property"); the Moores continued to use the District's sewer lines without compensation and in a manner endangering public health and safety; the District lacks an adequate remedy at law; and irreparable injury and harm will result absent an injunction compelling the Moores to cease violating the District's rules, regulations, and ordinances. The District prayed for relief in the form of an order "prohibiting, restraining and enjoining [the Moores] from continuing to reside in [the Property] until such time as the sewer lines and facilities located thereon are repaired and/or replaced[.]"

The Moores filed no timely responsive pleading to the First Petition. They personally appeared, however, at a March 17, 2017 case review hearing. Darlene Stage, who claimed to be the owner of the Property, also attended that hearing.

Four days later, on March 21, 2017, the District filed an amended petition ("the Second Petition"). The Second Petition added Darlene Stage and husband James Lee Stage (the "Stages") and alleged that they owned the Property. The Second Petition also added the following paragraph ("Paragraph 14"):

Defendants, Darlene Stage and James Lee Stage, should further be compelled to either have the sewer lines situate upon the real property repaired or replaced, or barring such reparative action, prohibited from allowing Defendants, George Moore and Crystal Moore, or any other person or persons, from residing within the residence situate upon the premises.

Otherwise, the allegations in the Second Petition were substantially the same as in the First Petition, including the prayer for relief in the form of an order "prohibiting, restraining and enjoining [the Moores] from continuing to reside in [the Property] until such time as the sewer lines and facilities located thereon are repaired and/or replaced[.]"

Thereafter, the Moores retained counsel and, on April 17, 2017, filed an answer to the Second Petition as well as a counterclaim alleging that they had suffered damage due to the District's failure to maintain its sewer line. The District, in separate motions, moved to strike the Moores' answer as untimely per Rule 55.25 and to dismiss the Moores' counterclaim as un-

timely per that same rule.[1] In their response, the Moores denied that the answer and counterclaim were untimely but, in the alternative, requested leave to file both out of time.

The trial court ultimately granted the District's motion to strike the Moores' answer.[2] The Moores then filed this petition for a writ or prohibition or mandamus.

## Discussion

As relevant here, a writ of prohibition will lie only to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-judicial power. *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 857 (Mo. banc 2001). Mandamus is not a writ of right; it is a discretionary writ that will only lie when there is a clear, unequivocal, and specific right. *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 805 (Mo. banc 2015).

### Answer was Not Timely Filed

In their first two points, the Moores assert that they are entitled to writs of prohibition and mandamus, respectively. The Moores make the same claim of error in both points: "under Rule 43.01 the [trial court] erred in striking the [the Moores'] answer . . .,[3] and such was a clear abuse of discretion in that the [Second Petition] filed by the sewer district asked for additional relief, i.e., that the [Moores] be evicted from their home." We apply de novo review to interpretation of court rules. *McGuire v. Kenoma, LLC*, 447 S.W.3d 659, 662 (Mo. banc 2014).

The Moores' claim is premised on the requirement that parties be served with "[e]very pleading subsequent to the original petition[.]" Rule 43.01(a). This requirement, however, is subject to the following exception: "[n]o service need be made on *parties in default for failure to appear*, except that pleadings *asserting new or additional claims for relief against them* shall be served upon them in the manner provided for service of summons." Rule 43.01(a) (emphasis added). The Moores do not deny that they failed to timely respond to the First Petition within 30 days of service and that they were, therefore, "parties in default for failure to appear" when the Second Petition was filed. Rather, they claim that the exception does not apply because the Second Petition asserted a new claim for relief against them, so that Rule 43.01(a) required service upon them of the Second Petition. "When Rule 43.01(a) requires the service of new or amended pleadings upon a party in default, the party in default shall appear and defend within the same time as is required after the original service of process of like character." Rule 55.25(d). Since the Second

1. All rule references are to Missouri Court Rules (2017).

2. The court's docket entry on June 9, 2017, states, "Case called. Attorneys Wade Pierce and Gabe Hazel appears [sic]. No other appearances. Motion hearing held. Court grants motion to strike. Case set for hearing on 7/21/17 at 9:00 am. So Ordered." Nothing in the record before us indicates that the trial court has ruled on the District's motion to dismiss the Moores' counterclaim.

3. The Moores also challenge the trial court's "striking" of their counterclaim. The only motion to strike pending before the trial court, however, was directed solely to the timeliness of the Moores' answer, and the trial court granted that motion. *See* footnote 2. The Moores fail to cite anything in the record supporting that the trial court entered an order "striking" or otherwise disposing of the Moores' counterclaim. Because the record before us supports that the Moores' counterclaim is still pending before the trial court on the District's motion to dismiss and the trial court has taken no action on that motion, there is no trial court action related to their counterclaim that the Moores can challenge in this writ proceeding.

Petition was filed on March 21, 2017, which would have been the earliest date it could have been served upon them and their answer was filed within thirty days thereafter, on April 17, 2017, the Moores claim their answer was timely filed.

Both the First Petition and the Second Petition assert the same claim for relief against the Moores: a permanent injunction "prohibiting, restraining and enjoining [the Moores] from continuing to reside in [the Property] until such time as the sewer lines and facilities located thereon are repaired and/or replaced[.]" Both petitions premise the District's right to that injunctive relief against the Moores upon the following alleged facts:

- The Moores reside at the Property;

- the Property is within the geographical boundaries of the District and is subject to the District's rules and regulations;

- the District's rules and regulations require all properties used for human purposes in the District be connected to the sanitary sewer lines and facilities installed and provided by the District, prohibit the discharge of untreated sewage into or onto any area under the jurisdiction of the District, other than into the systems so provided for that purpose, and forbid any person to tamper with any District sewer line or to reconnect to the service when the same has been disconnected for nonpayment of a bill for service until such bill, including a reconnection charge, has been paid in full;

- following notice of delinquency of account delivered to the Moores for failure to pay for sewer services provided to the Moores' residence, the District ceased servicing said residence and shut off and capped the sewer connection to the Moores' residence on or about August 22, 2016;

- since that date the Moores have continuously and repeatedly accessed the District sewer lines to discharge sewage originating from the Moores' residence into the District's sewer service pit, all contrary to the policies established and enforced by the District and the laws of the State of Missouri;

- the Moores continue to reside within the residence located on the Property and to use the facilities therein located and the services of the District without permission, authorization, or payment therefor;

- the sewer lines upon the Property are in such a horrible state of disrepair as to allow raw sewage to leak out, upon and onto the surface of the Property as well as the adjacent properties, which said condition endangers the health, safety and well-being of the residents within the District and, in particular, the properties adjoining the Moores' residence;

- demand has been duly made upon the Moores' to permanently cease all violations of the District's rules, regulations and ordinances, and to repair the defective and dangerous sewer lines;

- continuing and irreparable injury and harm will result and continue to result to the District by reason and virtue of the illegal and improper actions of the Moores; and

- the District has no adequate remedy at law and there is no redress for the wrongs complained of except to invoke the Court's power to compel the Moores to cease and desist from their ongoing and continuous violations of the District's rules, regulations, and ordinances.

The only new fact alleged in the Second Petition that was not alleged in the First Petition is that the Stages are the owners of the Property. The Moores make no argument that the addition of this fact asserts a new claim for relief against them.

Rather, the Moores' argument is apparently premised upon the inclusion of Paragraph 14 and the addition to the prayer for relief in the Second Petition that the court "issue its Order [sic] prohibiting, restraining and enjoining ... [the Stages] from allowing any person or persons from so residing in the said residence until such time as the sewer lines and facilities located thereon are repaired and/or replaced...." The Moores claim that the Second Petition "asked for additional *relief*" because it "asked that the [Stages] evict the [Moores]" and that the First Petition "did not ask for that *relief.*" (Emphasis added). That argument implicitly concedes that Paragraph 14 in the Second Petition does not allege any new *facts* supporting the District's claim for injunctive relief as alleged in the First Petition against the Moores and the Moores do not contend otherwise. Rather, the Moores' argument characterizes Paragraph 14 and the addition to the prayer in the Second Petition related to the Stages as a prayer for "additional relief." These additions to the Second Petition, however, do not assert a new claim for relief against the Moores. This is so for three reasons. First, as the Moores acknowledge, the additional requested relief is "not made specifically against the [Moores.]" It is a new claim for relief against the Stages, not the Moores.

Second, the Moores mischaracterize the requested relief against the Stages as *requiring* the Stages to "evict" the Moores. It does not. It requests that the Stages be enjoined from using or allowing anyone to use their Property in contravention of the District's rules and regulations. Nothing in the Second Petition alleges any facts supporting the Moores' "eviction" from the Property by the Stages on any basis other than the Moores' failure to occupy their residence on the Property in accordance with the District's rules and regulations—the claim for relief against the Moores in the First Petition. The new claim for relief against the Stages in the Second Petition is premised upon their obligation as owners not to use their property in violation of the District's rules and regulations, even if those violations are not at their own behest. Moreover, even if the District's new claim for relief against the Stages encompassed a request that the Stages "evict" the Moores from the property, it is only requested under those circumstances where the Moores are using the Property in violation of the District's rules and regulations—the claim for relief against the Moores in the First Petition.

■. Finally, the "new or additional claims for relief" language of Rule 43.01 refers to *causes of action. See **Staab v. Thoreson**,* 579 S.W.2d 414, 420 (Mo.App. S.D. 1979); *cf. **Miltenberger v. Center West Enterprises**,* 251 S.W.2d 385, 388 (Mo.App. 1962) (construing similar language in section 506.100). A prayer for relief, considered in isolation, is not a claim for relief. "Although it is sometimes said that the prayer is no part of the petition, it is more accurate to state that the relief prayed for *is no part of plaintiff's cause of action or claim for relief." **Wear v. Walker**,* 800 S.W.2d 99, 102 (Mo.App. S.D. 1990) (internal cites omitted) (emphasis added). In other words, the prayer for relief against the Stages only has meaning when considered in context with the cause of action asserted by the District against the Stages in the Second Petition. *See **Stab**,* 579 S.W.2d at 420; ***Miltenberger**,* 251 S.W.2d at 388. As discussed above, that cause of action is premised upon no person

having the right to reside on the Stages' property in violation of the District's rules and regulations. In that context, the claim for relief against the Stages in the Second Petition does not assert a new or additional claim for relief against the Moores because the District's claim for relief against them in the First Petition was premised upon the Moores (a subclass of all persons) not having the right to reside on the Property in violation of the District's rules and regulations.

Accordingly, we conclude that the Second Petition does not assert a new or additional claim for relief against the Moores, *see* Rule 43.01(a), beyond the claim for injunctive relief asserted against them in the First Petition. Therefore, the Moores' answer was not timely and we cannot conclude that the trial court abused its discretion in striking it. Points 1 and 2 are denied.

### *Motion for Leave to File Answer Out of Time Not Ruled by Trial Court*

Point 3 is the Moores' final point and states:

> In the alternative if the answer and counter claim were not timely filed, the [Moores] are entitled to an order prohibiting [the trial court] from proceeding forward with the underlying case unless the [Moores] are allowed to file their counter claim and answer to the Amended Petition, because the [*the trial court*] *erred in denying* [*the Moores'*] *motion to file out of time* and then striking the [Moores'] answer and counter claim under Rule 44.01 and such was a clear abuse of discretion in that the [Moores'] failure to file an answer to the original petition was because of excusable neglect, and violated the interests of justice by denying the [Moores'] day in court in that the pro-se [sic] [Moores] appeared before the court at the first

court hearing, the District's first petition had to be amended because it failed to contain a necessary party.

(Emphasis added).

 In addition to the applicable principles regarding a writ of prohibition, discussed *supra*, "[w]e review the trial court's ruling denying [a party's motion for] leave to file a response out of time for abuse of discretion." *Inman v. St. Paul Fire & Marine Ins. Co.*, 347 S.W.3d 569, 575 (Mo.App. S.D. 2011).

> Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable men can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988).

The Moores' point and supporting argument expressly assumes that the trial court denied their motion to file answer out of time, but fail to cite to anything in the record before us supporting that assumption. Our review of the record shows that the trial court has not ruled upon that motion and that it is still pending before the trial court. We cannot find an abuse of discretion by the trial court in a ruling it has not made. Point 3 is denied.

### Conclusion

The preliminary writ was improvidently granted and is quashed. The Moores' petition for a writ of prohibition or mandamus is denied.

725

MARY W. SHEFFIELD, P.J.—concurs

DON E. BURRELL, JR., J.—concurs