JESS J. O'NEAL, Respondent, v. MAVRAKOS CANDY COMPANY, a Corporation, Appellant, No. 43669—263 S. W. (2d) 430.

Court en Banc, December 14, 1953.

Rehearing Denied, January 11, 1954.

*Arthur G. Heyne* for appellant; *Joseph Nessenfeld* of counsel.

*Ira H. Lohman* and *Charles H. Howard* for respondent.

472

 HYDE, J.—Action to recover commission claimed to be due for obtaining a lease for the lessee. The Court, a jury being waived, found for plaintiff for $2,340.00 and defendant appealed to the Kansas City Court of Appeals. That Court reversed the judgment on the ground that plaintiff declared upon an express contract and failed to prove it; but remanded with directions to permit plaintiff to amend his petition to declare on quantum meruit.

 The facts are sufficiently stated in the opinion of the Court of Appeals (O'Neal v. Mavrakos Candy Co., 255 S. W. (2d) 138) and are hereby adopted as our statement. Plaintiff's petition alleged that defendant employed plaintiff to obtain a lease on the Hope Building in Jefferson City "and did agree to pay the plaintiff the usual and ordinary commission for his services in procuring said lease, providing that the defendant was able to procure a lease on the aforesaid building and premises." However, plaintiff's testimony was that he only told Mr. Mavrakos that the owners would not pay a commission and that he would have to pay the commission. Plaintiff admitted that he said nothing to Mavrakos about the amount of commission. (See plaintiff's testimony set out in the Court of Appeals opinion, 255 S. W. (2d), l. c. 141.) Therefore, the Court of Appeals correctly held that an express contract for commission was not established.

 However, plaintiff says his allegation that defendant agreed to pay the usual and ordinary commission is an allegation that he .agreed to pay a reasonable commission and is sufficient to state a claim in quantum meruit. He cites Black's Law Dictionary, 3rd Ed. 1499, which gives "ordinary or usual" as one definition of "reasonable." Plaintiff also cites 8 Am. Jur. 1070, Sec. 146, as follows: "If there is no agreement fixing the compensation which a broker is to receive for his services, but there is a well-established custom in the neighborhood with respect to the amount of compensation to which the broker is entitled, the law implies a promise on the part of the person employing him to pay the usual and customary commission. If no such custom or usage can be shown the broker is entitled to recover a reasonable compensation." (Also citing 12 C.J.S. 170, Sec. 78; Kline v. St. Louis Terminal R. Assn., (Mo. App.), 268 S. W. 660; Hoyt v. Buder, 318 Mo. 1155, 6 S. W. (2d) 947; Muench v. Southside National Bank, (Mo. Sup.), 251 S. W. (2d) 1.) However, in all three of these

cases there was an allegation as to reasonableness of the charges. (In the Kline case: "that the reasonable and customary commission for such service was 5 per cent." In the Hoyt case: "That the reasonable value of said services of the plaintiff, the usual price and charge therefor, and the price which the defendant agreed to pay the plaintiff for the same was and is $20,167.50." In the Muench case, it was "alleged that the services were reasonably worth $3 per day.") The word "reasonable" does not appear in plaintiff's petition. He only alleges that the defendant agreed to pay the usual and ordinary commission and then says "that the usual and ordinary commission for securing leases on industrial property in Jefferson City, Missouri, is 5% of the total gross rental value of said property." Therefore, to construe this petition as quantum meruit, we would have to go beyond any of the cases plaintiff cites.

However, even if we could imply the allegation of reasonableness of the charge, there is another defect in making plaintiff's case on quantum meruit, which is no mere technical question of pleading, namely, the lack of proof of either reasonableness of the amount claimed or of any custom or usage applicable to the transaction. Plaintiff, for such proof, relied entirely upon the minimum schedule of fees adopted by the Jefferson City Real Estate Board, but the only fees shown for negotiating leases are those to be paid by the owner or lessor. This very clearly appears from the provisions in the schedules requiring the lessor to pay them. Payment by the lessee is not mentioned. These fees are based on a percentage of the total or gross rents which the lessee is obligated to pay to the lessor. While, no doubt, this is a reasonable basis for the fee to be paid by the lessor, because the more rent he gets the more he is benefited, this is obviously not true as to the lessee. Certainly a lessee would not be benefited by increasing the amount of rent to be paid, as would the lessor, but instead the lessee would be most benefited by obtaining a lower rate for him. It has been said: "Custom or usage relating to a particular business in order to be available for the purpose of determining the rights of the parties must be uniform, notorious and reasonable." (Gross on Real Estate Brokers, Sec. 220.) It is further stated by the same author: "The rules of a real estate board do not establish a custom or usage, for to do so would require that they be acted upon with uniformity, and be so generally known and established as to raise a fair presumption that they were known to the contracting parties so that they may be assumed to have contracted with relation to them, and with knowledge of them. It would also be necessary to show that the rate established by such a rule was reasonable and customary for such services." Not only was there no such evidence in this case but there were no rules applying to obtaining leases for a lessee. Therefore, we must hold that the schedule of the Real Estate Board of fees to be charged a lessor is not substantial evidence of what is a reason-

474

able charge to be paid by a lessee to a broker for obtaining a lessor to lease to him; and that plaintiff's evidence was insufficient to support the judgment.

■ Furthermore, the usual and ordinary course of business is that a lessor, like the seller of real estate, pays the commission; and, of course, that is why the schedules of the Real Estate Board are set up on that basis. Plaintiff's claim is that defendant should pay him the amount of commission the lessor would have been required to pay under the schedules of the Real Estate Board; but to recover on that basis he would have to prove an express contract to pay that amount. (Gross, Sec's. 196, 198, 208; 12 C.J.S. 174, Sec. 79.) Plaintiff's own evidence shows that there was no such contract. Therefore, the judgment for plaintiff on that basis was clearly erroneous. Thus plaintiff's only right of recovery is on quantum meruit and to recover on that basis he must show not only that defendant employed him to obtain a lease from the owners of the Hope Building, and that he did so, but he must also show the reasonable value of the services he rendered and the result he accomplished. (See Murphy v. Knights of Columbus Building Co., 155 Mo. App. 649, 135 S. W. 446.) "In determining what is reasonable under the circumstances of a given case, the end accomplished, as well as the time and effort expended, by the broker, should be taken into consideration." (8 Am. Jur. 1071, Sec. 146.) We think the facts stated in the opinion of the Court of Appeals, with the other facts in the record, concerning the activities of the parties, constitute substantial evidence to show that plaintiff was employed to obtain a lease for defendant from the owners of the Hope Building and was the procuring cause of the lease being obtained. If so, he was entitled to some compensation. Of course, plaintiff's evidence is far from conclusive and defendant had substantial evidence to the contrary. Since the record shows plaintiff has rights growing out of the transaction (if his evidence is accepted as true), and has misconceived his remedy, we think it was proper for the Court of Appeals, in the exercise of its discretion, to remand the cause to permit the petition to be amended to clearly state a claim on quantum meruit so that the cause may be retried on that basis; and we take the same course.

The judgment is reversed and the cause is remanded to the trial court with directions to permit the plaintiff to amend his petition, if he so requests, and to retry the cause in conformity with the views herein expressed, or, if the plaintiff does not desire to amend his petition, then to render judgment for the defendant. All concur.