STATE OF MISSOURI ex rel. UNIVERSITY BANK, Appellant, v. SAM C. BLAIR, Judge of the Circuit Court of Cole County, Respondent, No. 44831—285 S. W. (2d) 678.

Court en Banc, January 9, 1956.

*John W. Oliver* and *Henry Andrae* for petitioner; *Caldwell, Downing, Garrity & Eastin* and *Hendren & Andrae* of counsel.

*James T. Riley* and *Ike Skelton* for intervenors; *Skelton & Bradley* of counsel.

[679] STORCKMAN, J.—This is an original proceeding for mandamus instituted upon the petition of the relator, University Bank of Kansas City, against the respondent, Sam C. Blair, as judge of the Circuit Court of Cole County, Missouri, "to the end that said Re-

spondent be directed to hear and determine the cause pending before it on the merits of said cause.''

The cause referred to was a, writ for the judicial review of a decision of the board of bank appeals. An appeal was also taken to this court from the action of the court in quashing the writ. The appeal, being cause No. 44,843, entitled, ''State of Missouri ex rel. J. A. Rouveyrol, Commissioner of Finance, and University Bank, a corporation, Relators, University Bank, a corporation, Appellant, vs. Phil M. Donnelly, Governor, James T. Blair, Jr., Lieutenant-Governor and John M. Dalton, Attorney General, Members of the Board of Appeals, and C. H. Goppert, R. E. Oliphant, M. A. Vodney, C. L. Keyser and Porter C. Jeffries, Intervenors, Respondents,'' was consolidated for argument with this mandamus proceeding. The decision in the case on appeal decided contemporaneously herewith disposes of the issues in this case. Reference is made to the opinion in the appeal case for the facts and the grounds of the decision.

This case is distinguishable from decisions cited by the relator bank in that a judgment from which an appeal could be taken was rendered by the trial court in this case. The circuit court did not limit the issues and appears from the record to have conducted a full hearing, although the basis of its decision was that neither the relator bank nor the commissioner of finance was lawfully authorized to prosecute the proceedings for judicial review. We have affirmed that judgment and it is decisive of this mandamus action.

The remedy by appeal was adequate to secure the only ruling which could be made. The general rule is that mandamus will not lie if a specific and adequate remedy by appeal exists. State ex rel. Howe v. Hughes, 343 Mo. 827, 123 S.W.2d 105.

The alternative writ issued herein should be quashed, and the peremptory writ denied. It is so ordered. All concur.