Lee J. COOPER, In His Own Right, and as Assignee of Donald E. Wilson, Respondent,

v.

Oran F. NORMAN, Ella Norman and Wesley C. Norman, Partners, doing business as Norman's Restaurants, Appellants.

No. 24379.

Kansas City Court of Appeals. Missouri.

Dec. 4, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1968.

John B. Moritz, Kansas City, for appellants.

Meyer, Smith & Penner and Edmund B. Smith and Courtney W. Perkins, Kansas City, for respondent.

J. P. MORGAN, Special Judge.

Defendants in this appeal contend that the trial court erred in allowing plaintiff to recover for services rendered on a theory of quantum meruit when the claim as set out in the petition was premised on an express oral contract of employment of plaintiff by defendants.

It is agreed that defendants in addition to operating a farm had been engaged for many years in the ownership and management of various restaurants in Kansas City, Missouri. The number of restaurants actually operated at any one time varied from one to three, and although not clear from the evidence, perhaps four. At a time when only one restaurant was involved defendants employed one Donald E. Wilson, a Certified Public Accountant, to provide all accounting work required in preparation of payrolls and various period-

ic tax reports as well as the annual income tax return. Some six years later, plaintiff, who was also a C. P. A., purchased the accounting firm of Wilson. This transaction included the assignment from Wilson to plaintiff of what was alleged to have been the balance due Wilson from defendants. This portion of the amount claimed is set out in Count I of the petition in the amount of $470.94. For approximately two more years plaintiff continued to furnish the same accounting service, and upon his discharge claimed that a balance of $2,580.-77 was due for his services as set out in Count II. The case was tried to a jury and plaintiff prevailed on each count in the exact amount prayed for. Interest was computed and judgment was entered accordingly.

Defendants correctly assert, and plaintiff agrees, that the verdict-directing and measure of damage instructions, as to each count, submitted both claims on a theory of quantum meruit. It is argued further that such submission was error because the claims as declared in the petition were based on an express contract of employment. The question thus created does not raise any novel question of law as shown by the holding in Fuldner v. Isaac T. Cook Co., Mo.App., 127 S.W.2d 726, 731: "It is a well settled rule that, when an express contract is open and unexecuted, and plaintiff proceeds for a breach of it, he must declare specially on the contract. In such case indebitatus assumpsit will not lie. But where, as here, an express contract has been fully performed on plaintiff's part, and nothing remains to be done under it but the payment of money by defendant, which is nothing more than the law would imply, plaintiff may declare specially on the contract, or generally in indebitatus assumpsit as for the quantum meruit, at his election. The plaintiff does not repudiate the contract nor seek to avoid it in indebitatus assumpsit as for the quantum meruit, but offers the contract in evidence and his proof of compliance with it to sustain his case. The agreed price, if there is an

agreed price, becomes prima facie evidence of the reasonable value of the service. But plaintiff may not recover more than the agreed price." Oliver L. Taetz, Inc. v. Groff, 363 Mo. 825, 253 S.W.2d 824; Julian v. Kiefer, Mo.App., 382 S.W.2d 723, 727.

■ Initial concern must be directed toward the petition. Count I can be generalized fairly as follows: paragraph one identified the parties; paragraph two alleged that defendants verbally employed Wilson (assignor) as a C. P. A. to provide the accounting services previously described for $72.00 per month for one restaurant "with the services required for the last month of each year, involving year end reports and tax returns, to be on an hourly basis." It was alleged that charges were made for such year end work at the rate of $3.60 per hour for junior accountants, $5.00 per hour for senior accountants and $7.50 per hour for managing and supervising accountants. It was further alleged that the parties agreed the monthly rate would be increased as new restaurants were opened, and that this charge was increased for a while to $107.50 and later to $125.00 per month. It is not specifically alleged defendants agreed to the new rates prior to their being charged to the account. However, it is alleged that the services were rendered and periodic payments (generally in even amounts of multiples of $100.00) were made by defendants; paragraph three referred to the assignment; paragraph four claimed the charges made did represent the reasonable value of the services. Except for the assignment, Count II was similar. From the petition two conclusions are readily apparent. First, the first charge of $72.00 per month for one place of business was declared to be a specific agreement of the parties that covered 11 months of the year. Second, charges for work to close out the year in December were not specifically covered by any agreement alleged in the petition as to either time (hours required to complete the work) or rate (varying with the skill classifica-

tion of plaintiff's employees). Clearly. two theories were commingled in each count, Kaiser Alum. & Chem. Sales, Inc. v. Lingle Refrig. Co., Mo.App., 350 S.W.2d 128, 131, but more important is the approach of defendants at the trial to questions they now seek to raise. With Mr. Perkins for plaintiff and Mr. Moritz for defendants, the following pre-trial agreement is of record:

> Mr. Moritz: "* * * They have sued on quantum meruit, as I understand it, and we had a conference on the question of whether he was pursuing an agreed contract or a question of quantum meruit proposition. I don't know yet from his amended petition what we are doing."
>
> Mr. Perkins: "It's on quantum meruit."
>
> Mr. Moritz: "Quantum meruit alone?"
>
> Mr. Perkins: "Yes."
>
> Mr. Moritz: "All right."

■ In opening statement plaintiff's attorney stated: "We are bringing this action to recover the reasonable amount or reasonable value of those accounting services." Defendants' attorney declared to the jury, "* * * Now he is being sued on what it's reasonably worth, in other words, what we call quantum meruit, what is fair and reasonable in this locality for this work. That's the issue, as I understand it, that you gentlemen will be required to settle. * * * Now, bear in mind this suit is not one on contract. They have sued for what is fair and reasonable." Both sides presented expert witnesses in an attempt to establish the reasonable value of the services. This would not have been necessary or proper in an action bottomed on an express contract where the compensation was fixed, Haughton Elevator Co. v. C. Rallo Contracting Co., Mo.App., 395 S.W.2d 238, 245, or as stated in 17A C.J.S. Contracts § 601, p. 1174: "Thus, where price to be paid for work performed is ascertained by a method of measurement specified by the contract, it is not open to one party to the contract to introduce evidence as to another method

of measurement for the purpose of showing that a different price should be paid." The record is replete with defendants' further characterization of the petition as a claim in quantum meruit both in cross-examination of plaintiff's witnesses and in direct interrogation of witnesses for defendants, but only one further comment of defendants' attorney in closing argument will be quoted. It was, "Now, this case isn't in the final analysis anything at all except *adopting their theory* like we have their figures, a question of what is reasonable and fair for the services rendered to the Normans (defendants) by these people (plaintiff and his assignor)." Additionally, it is of interest that defendants called the first expert witness on the issue of reasonableness by requesting and receiving permission to do so during the presentation of plaintiff's case.

■ With this record defendants are not in a position to complain that the issues as tried were not raised by the pleadings. Section 509.500 V.A.M.S.; Evett v. Corbin, Mo., 305 S.W.2d 469, 474; Hart v. Midkiff, Mo., 321 S.W.2d 500, 507. The opinion of this court in O'Neal v. Mavrakos Candy Co., 255 S.W.2d 138, adopted by the Supreme Court in 263 S.W.2d 430, relied on here by defendants, is clearly distinguishable. There the petition set out a specific contract of employment with a determinable compensation for services rendered; the question of reasonableness was not pleaded nor was such evidence offered; and of primary importance, defendant filed a motion for directed verdict at the close of the evidence. None of these factors are present in the instant case. Millar v. Berg, Mo., 316 S.W.2d 499, 502.

■ By a reply brief, defendants assert that perhaps plaintiff made a submissible case, but now contend the instructions given were improper because they did not limit the recovery to the "agreed price." Fuldner v. Isaac T. Cook Co., supra. If it is assumed that defendants have not waived this argument, a moment of reflec-

tion on the problem of the trial judge provides a ready answer. To what amount could he have limited the recovery by instructions when no definite or determinable compensation was shown by the pleadings or the evidence? The rule placing a restrictive limitation on the recovery allowable in a quantum meruit action is applicable, of necessity, only in those instances where the action had its inception in a contract where the compensation was fixed or was susceptible of being accurately ascertained.

This is not a case where a party by inadvertence or unwise trial strategy tried a case on an improper theory. Quite to the contrary, the record reveals that defendants' counsel was fully cognizant of the law involved in this action, and that he vigorously defended the case on the only theory available to him.

Finding no error, the judgment is affirmed.

All concur.