STATE of Missouri ex rel. W. F. SCOTT, Statutory Trustee for concluding the affairs of S&S Service, Inc., Relator,

v.

Honorable James SANDERS, Presiding Judge of the Circuit Court of the City of St. Louis, Respondent.

No. 39083.

Missouri Court of Appeals, St. Louis District, Division 4.

Jan. 10, 1978.

J. Martin Hadican, Lawrence J. Permuter, Clayton, for relator.

Bussey, Collier & Dorsey, P. C., Charles L. Bussey, Jr., St. Louis, for respondent.

SIMEONE, Chief Judge.

This is an original proceeding in mandamus. We have jurisdiction. Article V, Sec. 4, Mo.Const.

On March 1, 1976, relator, W. F. Scott d/b/a S&S Service, Inc., filed a petition in two counts against Primm Garden, Inc. seeking damages for breach of a service contract to furnish Primm a certain number of containers for placing trash therein. The contract allegedly was for a three-year term. S&S alleged that the defendant, Primm Garden, cancelled the contract. Count I of the petition alleged the express contract and Count II pleaded quantum meruit. Primm Garden filed two motions to dismiss the petition on the grounds that (1) the contract is "invalid and void" and (2) the petition failed to state a claim upon which relief can be granted. Primm also filed a motion to make more definite and certain. Relator confessed the motion to make more definite and certain, and on November 19, 1976, W. F. Scott, statutory trustee of S&S Service, Inc., filed an amended petition in two counts—Count I alleging an express agreement and seeking damages thereunder and Count II quantum meruit for services furnished at the request of Primm. It is Count II which is the subject of this proceeding. Count II alleged that

"[o]n or about May 11, 1973, at the special instance and request of the Defendant, PRIMM GARDEN, INC., S&S SERVICE, INC. agreed to furnish certain services to the Defendant, namely, a certain number of containers of various size for placing of trash therein, for a certain price . . for three (3) years, or until May 11, 1976."

The petition further alleged that (1) the services were furnished at the "special instance and request" of the defendant until August, 1974 when S&S was advised that the services were no longer desired, (2) the defendant failed to pay the reasonable amount for the services furnished [1] and that the reasonable amount for such services was $24,000, and (3) the statutory trustee

---

1. Count II appears to be a claim for $24,000 for the services "furnished" at the request of Primm from May 11, 1973 to August, 1974. But Count I, on the express contract, is a claim for breach of contract because the defendant, Primm Garden, cancelled the services two years prior to the termination date stated in the agreement, and as a result S&S suffered damages in the amount of $24,000. Therefore, we believe that Count I is a claim for damages for

has made "repeated demands" for the payment of $24,000, the reasonable value of the services *furnished*, but that defendant has refused to pay the same. Count II prayed for damages in the sum of $24,000 with interest for the "*services performed* by the said Plaintiff." (emphasis added).

On December 29, 1976, Primm Garden moved to dismiss Count II of the petition because it "fails to state a cause of action upon which relief can be granted." The motion was heard by a judge of the circuit court, sitting for the respondent judge, and on February 10, 1977, the court ordered that Count II of the amended petition be dismissed.

On March 31, 1977, the relator-Scott filed his petition for mandamus in this court seeking our alternative writ to require the respondent to vacate and set aside his order of February 10, 1977 dismissing Count II of the amended petition. In his petition relator-Scott alleged that Count I "alleged a cause of action against Defendant for breach of contract," and Count II "alleged an alternative cause of action against said Defendant in quantum meruit for services provided."[2] Relator alleged that the respondent stated that relator "was compelled to make an immediate election, prior to trial, as to whether to sue on contract or in quantum meruit." Relator therefore prayed that the respondent be required to vacate his order dismissing Count II.

We issued our alternative writ. Return and answer to the return were filed.

In his brief relator-Scott contends (1) that the trial judge erred in dismissing Count II because it states a claim upon which relief can be granted and states all the elements necessary to state a claim in quantum meruit, and (2) that mandamus is the appropriate remedy to require the respondent to vacate his order dismissing the quantum meruit count.[3]

After reviewing the record, the brief of the relator and appropriate authorities, we must conclude that our alternative writ was improvidently issued and therefore quash our alternative writ. We shall discuss the issues in the posture presented to us: (1) whether relator may plead alternatively an express contract and quantum meruit, (2) whether Count II stated the necessary elements of quantum meruit and (3) whether mandamus is the appropriate remedy.

█ First, it is now clear that under modern principles of pleading, and unlike the strict rules of common law pleading, a party may plead in the alternative. Rule 55.10, amended in 1973, states explicitly that "[a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses." Under this rule an express contract and an implied contract may be pleaded in the alternative without the pleading being struck for insufficiency. *Norman Schuman Interiors, Inc. v. Sacks*, 479 S.W.2d 200, 203 (Mo. App.1972); *Edmonds v. Stratton*, 457 S.W.2d 228, 231 (Mo.App.1970)[4]; *Burck-*

---

anticipatory breach of contract and Count II is a claim for quantum meruit for services "furnished."

**2.** Nothing in the petition for damages indicates that the claims are alternative. A close reading of Counts I and II appears to indicate that Count I is a claim for damages for anticipatory breach and Count II for services furnished. However, we shall treat the proceeding as one of alternative pleading whether the counts are for future or past damages or whether they are alternative theories of an express or implied contract for future or past damages.

**3.** We have not been favored by a brief from the respondent.

**4.** So also, a plaintiff may sue in quantum meruit in general assumpsit even though there is an express contract, introduce the contract in evidence and recover the reasonable value of the services not in excess of the contract value. *Grue v. Hensley*, 357 Mo. 592, 210 S.W.2d 7, 11 (1948).

However, where the petition declares upon an express contract, no recovery thereon can be had on the theory of quantum meruit. *O'Neal v. Mavrakos Candy Co.*, 255 S.W.2d 138, 140 (Mo.App.1952), aff'd. 364 Mo. 467, 263 S.W.2d 430 (Mo. banc 1953).

*hardt v. General Am. Life Ins. Co.*, 534 S.W.2d 57 (Mo.App.1975).

■■■ Second, a pleading states a claim in quantum meruit if it alleges that the defendant is justly indebted to the plaintiff for services rendered or materials furnished at the defendant's instance and request. *Service Construction Company v. Nichols*, 378 S.W.2d 283, 288 (Mo.App.1964). To state a cause of action in assumpsit on quantum meruit all that is required to be alleged is a

> ". . . request, consideration, indebtedness, performance by the claimant, a demand and a claim for damages or allegations from which it could only be inferred that the services were not gratuitously rendered or had not been paid for . . . ."

*Laughlin v. Boatmen's Nat. Bank of St. Louis*, 354 Mo. 467, 189 S.W.2d 974, 978 (Mo.1945) and cases cited therein; *see also* 29A Mo. Digest, Work and Labor, ■■■

■■ Third, while we believe the plaintiff may, under the Supreme Court Rules, plead alternatively, we nevertheless conclude that the extraordinary writ of mandamus is not an appropriate remedy under the circumstances of this proceeding.

■■■ Mandamus, governed by statutes [5] and rules [6], is a stern, harsh writ which when issued is an unreasoning, inflexible peremptory command to do a particular thing therein specified without conditional limitations of any kind. *State v. Ewing*, 404 S.W.2d 433, 440 (Mo.App.1966). Mandamus is one of the most powerful writs a court can issue. *State v. Crain*, 308 S.W.2d 451 (Mo.App.1958). It is not a writ of right, but rather its issuance lies in the sound discretion of the court. Mandamus is not the proper proceeding if another adequate remedy exists, such as an appeal. *State ex rel. University Bank v. Blair*, 365 Mo. 699,

285 S.W.2d 678, 679 (banc 1956). See discussion in Thompson and Campbell, Mandamus, Mo. Appellate Practice and Extraordinary Remedies, Mo. Bar CLE, ch. 8, sec. 8.17, pp. 8–12.

■■ Neither will mandamus lie in circumstances where the right sought to be enforced is doubtful, *State ex rel. Crites v. West*, 509 S.W.2d 482, 485 (Mo.App.1974), nor where the act sought to be compelled involves the exercise of judicial discretion.[7] *State ex rel. Diners' Financial Corporation v. Swink*, 434 S.W.2d 593, 597 (Mo.App. 1968). For a complete discussion see Notes, Mandamus in Missouri: Old Standards and New Developments, 1972 Wash. U. L. Q. 719.

■■ We had occasion recently to discuss the appropriateness of this extraordinary remedy insofar as it relates to pleadings. In *State ex rel. Pisarek v. Dalton*, 549 S.W.2d 904 (Mo.App.1977), Mr. and Mrs. Pisarek brought an original proceeding. in mandamus to compel the respondent judge to vacate his order dismissing certain counts of their petition for damages for breach of contract. We discharged our alternative writ as improvidently granted and quashed it. In the course of our opinion we discussed the function of the writ and its availability in cases of this kind:

> "The traditional function or purpose of the writ of mandamus is to enforce, not establish, a claim of right, . . . or as frequently stated, to execute, not to adjudicate. . . . [T]he writ of mandamus will not be issued when there is an adequate ordinary remedy, and particularly so when that remedy is by way of appeal. . . .
>
> Mandamus does not ordinarily lie to review the sufficiency of pleadings and the rulings relating thereto. . . . The only exception is where appellate review is not adequate. . . .
>
> . . . [C]ourts 'are extremely reluctant to infringe upon the normal appel-

---

**5.** Sections 529.010–529.100.

**6.** Rules 84.20–84.25.

**7.** It may well be that the respondent exercised his discretion in dismissing Count II because it

sought damages for services "furnished" whereas Count I sought damages for anticipatory breach of contract.

late process by extending the scope of any extraordinary legal remedy,' . . ." *State ex rel. Pisarek v. Dalton,* 549 S.W.2d at 905.

We noted that the trial court did not designate its order a final judgment for purposes of appeal which it could have done under the authority of Rule 81.06[8], nor did the plaintiffs request such a designation. We held in that decision that ordinarily mandamus is not available until all ordinary remedies are exhausted, and that if plaintiff "had requested, or should now request, the dismissal order to be so designated," there was no "positive barrier" to its approval.

We believe that *Pisarek* controls the situation here. The relator did not seek, nor did the trial court designate, the dismissal of Count II as a final order for purposes of appeal. In the absence of such designation, mandamus should not lie. The relator may still try the cause under Count I of the petition and preserve its right to appeal the dismissal of Count II. This may never be necessary depending on the outcome of the relator's cause of action against Primm Garden, Inc.[9]

We therefore hold that mandamus is not an appropriate remedy under the circumstances here[10] and quash our alternative writ previously issued. We have examined the authorities relied upon by the relator and find them not to be controlling.[11]

The alternative writ if discharged and the peremptory writ denied.

DOWD and SNYDER, JJ., concur.

---

8. Rule 81.06 provides that ". . . [w]hen a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. . . ." In *Pisarek* we construed this language to apply to the dismissal of certain counts of the plaintiffs' petition.

9. Relator relies on *Holtz v. Superior Court of City & Co. of San Francisco,* 3 Cal.3d 296, 90 Cal.Rptr. 345, 475 P.2d 441 (banc 1970). That decision is not dispositive of the issues here. This is not a situation where a party is deprived of an opportunity to plead his cause of action or defense.

10. Professor Tuchler suggests that ". . . [a] superintending court . . . might adopt a set of criteria which are based upon old formulae concerning the issuance of writs. For example: No writ will issue to correct trial court error unless there is clearly no adequate remedy by appeal or by procedures in the trial court, *and* unless the error is either (1) transgression of jurisdictional lines between courts or between courts and other government organs, or (2) a matter concerning the administration of the judicial system relating to the operation of a court or the prevention of conflict between courts." Tuchler, Discretionary Interlocutory Review in Missouri: Judicial Abuse of the Writ?, 40 Mo.L.Rev. 577, 626–627 (1975). We find none of these criteria here.

11. In *State ex rel. Broglin v. Nangle,* 510 S.W.2d 699, 704 (Mo. banc 1974), there was no question of the exercise of discretion. "There is but one proper decision" under the conflict of laws rules.

*Weir v. Brune,* 364 Mo. 415, 262 S.W.2d 597 (Mo.1953) and *Scholz Homes, Inc. v. Clay Wideman & Sons, Inc.,* 524 S.W.2d 896 (Mo. App.1975) did not involve mandamus but whether there was a final judgment for purposes of appeal.