**H. Eugene BOYD and Patricia Boyd,
Plaintiffs–Appellants,**

v.

**Frank LANE, Defendant–Respondent.**

No. 18831.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 1994.

---

Stuart H. King, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for plaintiffs-appellants.

James E. Baldwin, Donnelly, Baldwin and Wilhite, Lebanon, for defendant-respondent.

FLANIGAN, Presiding Judge.

On April 30, 1992, plaintiffs H. Eugene Boyd and Patricia Boyd filed this action against defendant Frank Lane in the Circuit Court of Pulaski County. During the course of the proceeding, plaintiffs filed an amended petition. Defendant filed a motion to dismiss on the ground that the amended petition failed to state a claim upon which relief can be granted. The trial court sustained the motion "with prejudice to plaintiffs' right to proceed further in this action." Plaintiffs appeal.

Plaintiffs contend that the amended petition stated a claim upon which relief can be granted and that the trial court erred in ruling otherwise. This court agrees.

When a petition is attacked by motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted. The facts alleged, however, are taken to be true and the pleader is entitled to all inferences fairly deducible therefrom. If such facts and such inferences, viewed most favorably from plaintiff's standpoint, show any ground for relief, the petition should not be dismissed. The petition is not to be dismissed when the allegations of the petition invoke principles of substantive law which may entitle the plaintiff to relief or when it appears that the plaintiff may be able to prove a set of facts which would entitle him to relief on his claim. The ruling on a motion to dismiss is ordinarily confined to the face of the petition which is construed in a light favorable to plaintiff.... The petition must be accorded a liberal construction. (Citing authorities.)

*Counts v. Morrison–Knudsen, Inc.,* 663 S.W.2d 357, 360 (Mo.App.1983). See also *Wear v. Walker,* 800 S.W.2d 99, 101 (Mo.App. 1990).

■ The prayer of the petition may be disregarded in determining what relief is authorized by the facts pleaded. *Wear,* at 101[2]. So long as plaintiffs allege facts showing that they are entitled to some relief, it is immaterial whether they are entitled to any or all of the relief prayed for. *Id.*

A pleading that sets forth a claim for relief must contain "a short and plain statement of the facts showing that the pleader is entitled to relief," and "a demand for judgment for the relief to which he deems himself entitled." Rule 55.05.[1] A party may set forth two or more statements of a claim, alternatively or hypothetically, either in one count or in separate counts. Rule 55.10. When two or more statements are made in the alternative and if one of them independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. *Id.* A party may state as many separate claims as he has, regardless of consistency and whether based on legal or equitable grounds. *Id.* All pleadings shall be so construed as to do substantial justice. Rule 55.24. Whenever the claim asserted in the amended pleading arose out of the same transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. Rule 55.33(c).

The amended petition contains five counts. Each count contains a caption which purports to describe the nature of the claim being

---

1. All references to rules are to Missouri Rules of   Court, V.A.M.R., and all references to statutes

asserted.[2] Count I, the shortest count, contains 15 paragraphs. Each of the other counts adopts Count I and adds more paragraphs. It is unnecessary to summarize all of the counts because if any one was sufficient the trial court's ruling was erroneous.

The amended petition included the matters set forth in the next six paragraphs:

Defendant owns land in Pulaski County known as the Lane Farm. In 1974 plaintiffs, who are husband and wife, entered into an agreement with defendant and his wife, now deceased, to act as equal partners in a cattle raising operation. The agreement was that defendant and his wife would acquire cattle and land and plaintiffs would supply all the labor for the care of the cattle and the land. The proceeds from the sale of the offspring would be applied to loans taken out to acquire cattle and the land. After all liabilities were discharged, proceeds were to be divided equally between plaintiffs and defendant and his wife.

The Lane Farm adjoins plaintiffs' farm. In 1974, defendant and his wife purchased cattle which were placed on plaintiffs' farm and were cared for by plaintiffs until 1975 when defendant and his wife purchased additional cattle and the Lane Farm. Thereafter, all cattle were cared for by plaintiffs on the Lane Farm.

From 1974 until 1989, pursuant to the agreement, plaintiffs cared for 50 to 200 head of cattle. Plaintiffs fully performed their obligations under the agreement and spent substantial time and money for the care of the cattle and the Lane Farm.

Between 1975 and 1989, plaintiffs, in addition to caring for the Lane Farm and the cattle, provided services to the defendant, consisting of personal services, home repair, and moving assistance. During this period, defendant proposed to plaintiffs in modification of the existing partnership agreement that in exchange for plaintiffs' waiver of their claim to the cattle sale proceeds, plaintiffs would receive the Lane Farm upon defendant's death. Plaintiffs accepted the proposal and allowed the cattle to be sold in 1989 without making a claim to any portion of the proceeds of the sale of the cattle.

In anticipatory repudiation of the modified agreement, and as a material breach of it, defendant is now negotiating to sell the Lane Farm to a third party.

Plaintiffs reasonably expected to receive consideration for their services and property pursuant to the agreement between the parties, and reasonably expected to receive the Lane Farm upon defendant's death. Plaintiffs have received no consideration for their services and no repayment for their expenditures.

■ An express contract and an implied contract may be pleaded in the alternative without the pleading being struck for insufficiency. *Cervantes v. Ryan,* 799 S.W.2d 111, 115[3] (Mo.App.1990); *Norman Schuman Interiors, Inc. v. Sacks,* 479 S.W.2d 200, 203[2] (Mo.App.1972). A pleading states a claim in quantum meruit if it alleges that the defendant is justly indebted to the plaintiff for services rendered or materials furnished at defendant's instance and request. *State ex rel. Scott v. Sanders,* 560 S.W.2d 899, 901 (Mo.App.1978). To state a claim in quantum meruit, all that is required to be alleged is a "request, consideration, indebtedness, performance by the claimant, a demand and a claim for damages or allegations from which it could only be inferred that the services were not gratuitously rendered or had not been paid for." *Laughlin v. Boatmen's Nat. Bank of St. Louis,* 354 Mo. 467, 189 S.W.2d 974, 978[10] (1945); *Scott,* 560 S.W.2d at 902[4].

---

are to RSMo 1986, V.A.M.S.

**2.** "There shall be one form of action to be known as 'civil action'." Rule 42.01. "... [S]trictly speaking, the forms of an action have been abolished. Rule 42.01." *Service Construction Company v. Nichols,* 378 S.W.2d 283, 288[4] (Mo.App.1964). "[W]hen 'specific facts are set out in a pleading, the pleader need not state the legal conclusions to be drawn from such facts. In other words, it is sufficient if the pleader states

the facts and leaves the court to find the law.' *Folger v. Lowery,* 210 S.W.2d 1011, 1015 (Mo.App.1948)." *Ahrens v. Dodd,* 863 S.W.2d 611, 615[10] (Mo.App.1992). "The character of a cause of action must, of course, be determined from the facts stated in the petition and not by the prayer or the name given the action by the pleader." *McMenamy v. Main,* 686 S.W.2d 874, 876[2] (Mo.App.1985).

Seeking to uphold the trial court's order of dismissal, defendant argues: (a) The amended petition does not state a claim upon which relief may be granted in that the Statute of Frauds, § 432.010,[3] would bar enforcement of the oral contract and "the alleged oral contract is properly characterized as a contract to devise real estate which § 474.155[4] requires to be in writing and which cannot be breached until promisor's death"; and (b) the amended petition fails to state a cause of action for quantum meruit in that plaintiffs "failed to allege that they made demand for the reasonable value of their services." Neither (a) nor (b) is valid.

■ In support of prong (a) of his argument, defendant says: "Plaintiffs averred that under the modified agreement, which they accepted in 1989, they were not to receive the farm until defendant's death. Such an arrangement would be appropriately characterized as a contract to devise which would be governed by § 474.155. Prior to the adoption of this section, such contracts, if they did not otherwise violate the Statute of Frauds, were not required to be in writing. However, under this new statutory section, any such contract executed after January 1, 1981, can be established only by provisions of a will setting out the contract, or an express reference to such a contract in a will supported by extrinsic evidence or some other writing evidencing the contract. In other words, plaintiffs must plead some form of written agreement in order to state a cause of action and enforce such a contract to devise. Plaintiffs do not allege in their petition, nor do they profess to this court to even have any knowledge of any specific written documents."

■ It is unnecessary to consider defendant's arguments concerning § 432.010 and § 474.155. This appeal involves the sufficiency of the petition to state a claim for relief. Claims may be stated alternatively, regardless of consistency, and whether based on legal or equitable grounds. The sufficiency of a statement is not impaired by an insufficiency in one or more of the alternative statements.

Further, it is not necessary to consider whether proof of some of the facts alleged in the amended petition, including some not previously set forth, might serve to circumvent the provisions of § 432.010 or § 474.155.

In essence, the petition pleads an oral agreement ("the first agreement"), entered into in 1974 and acted upon until 1989. It then pleads a modification of the agreement "during this period"—between 1975 and 1989. The modification will be referred to as "the second agreement." Defendant seeks to challenge the validity of the second agreement on the basis of the two statutes.

The flaw in defendant's position is that even if the second agreement is vulnerable to either or both of those challenges, a matter which this opinion neither discusses nor determines, the sufficiency of the allegations with respect to the first agreement remains unimpaired.

The second agreement is a modification of the first agreement. "Where the second contract is unenforceable by virtue of the Statute of Frauds and there has been no material change of position in reliance on it, the prior contract is not modified." Restatement (Second) of Contracts § 149(2). Comment b under that section reads, in pertinent part: "[W]here part of a contract is unenforceable by virtue of the Statute [of Frauds], the

---

3. Section 432.010 reads, in pertinent part: "No action shall be brought ..., or upon any contract made for the sale of lands ... or an interest in or concerning them, ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith ..."

4. Section 474.155 reads:

A contract to make a will or devise, to revoke or not to revoke a will or devise, or to die intestate, if executed after January 1, 1981, can be established only by

(1) Provisions of a will stating material provisions of the contract;

(2) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or

(3) A writing signed by the decedent evidencing the contract.

The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills.

whole contract is ordinarily unenforceable. An agreement to rescind a prior contract and to substitute a new contract is normally indivisible; if the substitution is unenforceable, the rescission is also unenforceable. There is no difference for this purpose between modification of a term and substitution of an entire new contract." "If the substituted contract is unenforceable because of the Statute of Frauds, it does not bar enforcement of the original duty." Restatement (Second) of Contracts § 279 Comment b.

"A party who repudiates the contract cannot at the same time set it up as a defense to a liability which he otherwise would incur." 73 Am.Jur.2d, Stat. of Frauds, § 520. "If the oral modification, or the contract as modified orally, in itself constitutes a contract within the statute, it is invalid." 37 C.J.S. Stat. of Frauds § 232. "[T]he substituted contract may itself be voidable for fraud, infancy, or other reasons; and if the power of avoidance is exercised, the avoided contract is nullified both as an executory contract and as a discharge. The prior claim then becomes again enforceable." Corbin on Contracts, § 1293 (1962).

"Upon the execution of a valid and legal substituted agreement, the original agreement merges into it and is extinguished, and failure to perform the substituted agreement will not revive the old agreement. If the secondary contract is rescinded for fraud, the original contract becomes enforceable again." 17A Am.Jur.2d, Contracts § 513. "If the new agreement is within the Statute of Frauds and is unenforceable because it is oral, the former written contract remains enforceable, unless the new agreement takes precedence under the doctrines of waiver and estoppel." John D. Calamari & Joseph M. Perillo, The Law of Contracts § 19–37 (3d ed. 1987).

In *Rice v. Provident Life & Accident Ins. Co.*, 231 Mo.App. 560, 102 S.W.2d 147 (1937), the court said, at 151:

It is true that those who make a contract may unmake it or substitute another, either wholly or partially inconsistent; but the validity of the substituted contract must be determined, like that of any other, in the light of the situation existing at the hour of its making. If valid, then it will supersede or modify the first to the extent that the two will be unable to stand together.

See also *Ragan v. Schreffler*, 306 S.W.2d 494, 498[2] (Mo.1957); *Stafford v. McDonnell*, 359 Mo. 925, 224 S.W.2d 951, 955[6] (1949).

■ Under the foregoing authorities, defendant may not properly argue that the second agreement is void or at least voidable at his option under either or both of the cited statutes but that in spite of its invalidity it is effective to abrogate the first agreement. In *Carden v. Thompson*, 62 S.W.2d 882, 889 (Mo.1933), the court quoted with approval the following language from an earlier case: "Defendant cannot be suffered to blow hot and cold; to rescind and affirm the contract. He must take one position or the other and stand by it."

■ Prong (b) of defendant's argument is refuted by Rule 55.31, which reads in pertinent part:

It shall not hereafter be available to a party as an objection that no demand for the subject matter of a civil action was made prior to its institution, unless it is expressly set up by way of defense in the answer or reply, and is also accompanied with a tender of the amount or thing that is due; in which case, if the plaintiff will further prosecute his civil action, and shall not recover a greater sum or more than is tendered, he shall pay all costs. This provision is applicable as well to actions for property as for money.

It is true that a demand for payment is often made prior to the filing of an action on a contract, and it is true that such demands are often pleaded. This court holds that the failure of the amended petition to plead a demand made prior to the filing of the action does not impair its sufficiency.

The petition alleges that the plaintiffs, at the instance of defendant and his wife, performed services over many years for which they have not been paid. Defendant filed a simple motion to dismiss. Defendant makes no claim that the action was untimely, from the limitation standpoint, with respect to the first agreement or the second agreement, or

that the services were rendered gratuitously. Whether plaintiffs seek legal or equitable relief or both is of no moment in determining the sufficiency of the petition to state a claim upon which relief can be granted.

This court holds that the amended petition alleges facts showing that plaintiffs are entitled to some relief and that the trial court erred in ruling otherwise.

The judgment is reversed and the cause remanded.

CROW and GARRISON, JJ., concur.

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.