HARTFORD ACCIDENT AND
INDEMNITY COMPANY,
Plaintiff–Respondent,

v.

M.J. SMITH SAWMILL, INC.,
Defendant–Appellant.

No. 19029.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 31, 1994.

Jerry Kenter, John B. Boyd, Connaughton, Boyd & Kenter, P.C., Kansas City, for appellant.

Douglas S. Evans, Evans & Green, Springfield, for respondent.

FLANIGAN, Judge.

Plaintiff Hartford Accident and Indemnity Company brought this action against defendant M.J. Smith Sawmill, Inc. Count I of the four-count petition sought recovery for unpaid premiums on a workers' compensation insurance policy issued by plaintiff to defendant. The amount sought was the difference between the initial deposit, or estimated premium, paid by defendant and the amount of the premium earned for the period January 12, 1988, to January 12, 1989. Count II sought similar relief for the period January 12, 1990, to September 7, 1990. Count III sought similar relief on a separate policy for the period September 7, 1990, to September 7, 1991, and Count IV sought recovery on the separate policy for the period September 7, 1991, to September 7, 1992.

Defendant filed an answer which denied certain allegations of each count and alleged some affirmative defenses. Defendant also filed a seven-count counterclaim.

On July 22, 1993, plaintiff filed a document, directed to the counterclaim, entitled "Motion to Dismiss or in the Alternative for Partial Summary Judgment." The motion sought dismissal on the ground that each count of the counterclaim failed to state a claim upon which relief can be granted. The motion also stated: "Plaintiff is entitled to partial summary judgment on defendant's counterclaim and amendments thereto as a matter of law." On August 19, 1993, the trial court entered an order sustaining both prongs of plaintiff's motion and, pursuant to Rule 74.01(b),[1] made an express determination "that there is no just reason for delay." Defendant appeals.

Defendant asserts that the trial court erred in sustaining both prongs of plaintiff's motion. For the reasons which follow, this court holds that the portion of plaintiff's motion which sought summary judgment was defective and that plaintiff was not entitled to

dismissal of the counterclaim on the ground that it failed to state a claim upon which relief can be granted.

█ Rule 74.04, dealing with summary judgment procedure, was amended effective January 1, 1994. Rule 74.04(c)(1) prescribes the form for a motion for summary judgment. Plaintiff's motion for summary judgment did not comply with Rule 74.04(c)(1), in its pre–1994 form, which was in effect at the time of the proceedings below, and required a motion for summary judgment to "state with particularity the grounds therefor."[2] In *Johns v. Continental Western Ins. Co.*, 802 S.W.2d 196, 197 (Mo.App.1991), this court, referring to that provision, said:

"The plain purpose of that requirement is to apprise the opposing party and the trial court (and in turn the appellate court) of the specific basis on which the movant claims he is entitled to summary judgment. With the issues so focused, the opposing party may prepare his defense to the motion and the trial court may make an informed ruling. If the motion is sustained and the opposing party appeals, the issues are clear-cut. The appellate court need not speculate concerning the grounds on which summary judgment was granted. All this serves to expedite the disposition of the case. A motion for summary judgment which fails to meet the requirement is defective."

The reason for the "particularity" requirement is obvious in this case. The legal file, filed by defendant, is 548 pages long and includes the pleadings, several depositions, and several sets of interrogatories and answers to interrogatories. Plaintiff, as respondent here, has filed a supplemental legal file which is 71 pages long.

Plaintiff's motion did not "state with particularity the grounds" on which it sought summary judgment with respect to the coun-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. The "particularity" requirement of the rule in its pre–1994 form was retained and refined in the amended rule. Rule 74.04(c)(1) now reads:
   "Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts. Each motion for summary judgment shall have attached thereto a separate legal memorandum explaining why summary judgment should be granted and affidavits not previously filed that are relied on in the motion."

terclaim. The motion stated that its "basis" was set forth in attached suggestions. The suggestions are 18 pages long. They do not state, "with particularity," the grounds on which summary judgment was sought. The portion of plaintiff's motion which sought summary judgment is defective.

█ It is not the function of this court to comb the voluminous record to determine whether a properly drafted motion for summary judgment directed to the counterclaim would be meritorious. Since plaintiff's motion for summary judgment was defective, that portion of the trial court's judgment sustaining it is erroneous and is reversed. On remand, plaintiff, if so advised, may renew its attempt to obtain a summary judgment.

The remaining inquiry is whether the trial court erred, as defendant asserts, in dismissing the counterclaim on the ground that it failed to state a claim upon which relief can be granted.

"A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled." Rule 55.05. The sufficiency of a counterclaim to state a claim for relief is determined by the same test which is used to determine the sufficiency of a petition.

█ When a petition is attacked by motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted. The facts alleged, however, are taken to be true and the pleader is entitled to all inferences fairly deducible therefrom. If such facts and inferences, viewed most favorably from plaintiff's standpoint, show any ground for relief, the petition should not be

dismissed. A petition is sufficient when its allegations invoke principles of substantive law which may entitle plaintiff to relief. *Boyd v. Lane,* 869 S.W.2d 305, 306 (Mo.App. 1994). If the words "counterclaim" and "defendant" are substituted respectively for "petition" and "plaintiff," the foregoing principles apply here.

█ A party may set forth two or more statements of a claim, alternatively or hypothetically, either in one count or in separate counts. Rule 55.10. When two or more statements are made in the alternative and if one of them independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may state as many separate claims as he has, regardless of consistency and whether based on legal or equitable grounds. *Id.* All pleadings shall be so construed as to do substantial justice. Rule 55.24.

"A petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Euge v. Golden,* 551 S.W.2d 928, 931[5] (Mo. App.1977). 'The ruling [on a motion to dismiss] is ordinarily confined to the face of the petition which is construed in a light favorable to plaintiff.'" *American Drilling v. City of Springfield,* 614 S.W.2d 266, 271[4] (Mo.App.1981).

Each count of the counterclaim contains a caption which purports to label the claim being asserted.[3] It is unnecessary to summarize all of the counts. If facts are stated showing any ground for relief, the trial court's ruling was erroneous.

The counterclaim contains 33 paragraphs, some with subparagraphs. It is prolix, vague, redundant, and generally not a model

3. "There shall be one form of action to be known as 'civil action'." Rule 42.01. "... [S]trictly speaking, the forms of an action have been abolished. Rule 42.01." *Service Construction Company v. Nichols,* 378 S.W.2d 283, 288[4] (Mo. App.1964). "[W]hen 'specific facts are set out in a pleading, the pleader need not state the legal conclusions to be drawn from such facts. In other words, it is sufficient if the pleader states the facts and leaves the court to find the law.'

*Folger v. Lowery,* 210 S.W.2d 1011, 1015 (Mo. App.1948)." *Ahrens v. Dodd,* 863 S.W.2d 611, 615[10] (Mo.App.1992). "[T]he character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader." *McClellan v. Highland Sales & Investment Co.,* 426 S.W.2d 74, 77[1] (Mo.1967); see also *McMenamy v. Main,* 686 S.W.2d 874, 876[2] (Mo.App.1985).

of careful pleading. It is arguable that it may not comply with Rule 55.15 which provides that circumstances constituting fraud or mistake shall be stated with particularity. The issue here, however, is not whether the counterclaim was subject to a more definite statement but whether it is fatally defective.

From the record on appeal, it is apparent that a principal issue is whether loggers, with whom defendant does business in its sawmill operations, should have been counted as employees of defendant for the purpose of calculating premiums due on the policies issued by plaintiff to defendant.

Viewed from its four corners, the allegations of the counterclaim included the following: When the policies were issued, plaintiff represented to defendant that "loggers utilized in defendant's business ... would never be counted as defendant's employees and would never be considered in calculation of the premium charged defendant"; defendant made three monthly payments of $1,565.80 each in reliance on plaintiff's representations, which were false; plaintiff "deliberately increased the premium of defendant to include loggers, which it knew was contrary to Missouri law"; plaintiff acted wrongfully "in retroactively charging defendant premiums for independent loggers, which, under the laws of the State of Missouri, are not its employees"; "plaintiff intentionally increased the premiums of defendant with the intent to injure defendant and without any justification" because plaintiff knew that the loggers were not defendant's employees for workers' compensation purposes.

Construed liberally, the counterclaim alleges: certain premium payments made by defendant to plaintiff were based on amounts calculated by plaintiff; the calculations improperly included the loggers among defendant's employees; the inclusion of the loggers by plaintiff was both fraudulent and negligent; the parties had agreed that loggers would not be included in premium calculations; defendant made premium payments in reliance upon plaintiff's representations and in ignorance of their falsity; the making of the payments by defendant was induced by plaintiff's wrongful conduct; plaintiff was not entitled to the premium payments made; the premium payments were made by defendant by mistake caused by plaintiff or by plaintiff's fraudulent representations; defendant is entitled to a refund of that portion of the premiums paid which were based on the inclusion of the loggers.

In *Western Cas. & Sur. Co. v. Kohm*, 638 S.W.2d 798, 800 (Mo.App.1982), the court said:

"The general rule applied in cases of mistaken payment is that restitution will be granted when the payment is made under a mistake of fact, but not when the payment is made under a mistake of law.... It is well settled that restitution will be granted to remedy a payment made because of a mistake of law if the surrounding facts raise an independent equity, as when the mistake is induced, or is accompanied by inequitable conduct of the other party."

The foregoing summary of the counterclaim is not intended to be a proper statement of a cause of action or an outline of a verdict-directing instruction based on the counterclaim. This court holds that the facts stated in the counterclaim, if proven, are sufficient to entitle the pleader to some relief. The counterclaim should not have been dismissed for failure to state a claim, because it does not appear that defendant "can prove no set of facts in support of his claim which would entitle him to relief." See *American Drilling, supra.*

Those portions of the trial court's order of August 19, 1993, which sustained plaintiff's motion to dismiss defendant's counterclaim and which granted plaintiff summary judgment on defendant's counterclaim are reversed and the cause remanded for further proceedings consistent with this opinion.

PREWITT and GARRISON, JJ., concur.