**Richard HOWARD, Appellant,**

v.

**Dave and Nancy TURNBULL, Turnbull Investments, LLC. and Bank of Blue Valley, Respondents.**

**No. WD 68451.**

Missouri Court of Appeals, Western District.

June 24, 2008.

Frank W. Lipsman, Olathe, KS, for respondents, Turnbull.

Stewart M. Stein, Kansas City, MO, for respondent, Blue Valley Bank.

Before JAMES M. SMART, JR., P.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

Mr. Richard Howard appeals the dismissal of his petition with prejudice against Dave and Nancy Turnbull, and Turnbull Investments, LLC. We reverse and remand.

**Factual and Procedural Background**

Mr. Howard filed a petition against the Turnbulls, Turnbull Investments, and Bank of Blue Valley. The defendants filed separate motions to dismiss. Mr. Howard did not reply, and the trial court dismissed the petition without prejudice. Mr. Howard petitioned the court to set aside its order dismissing the petition and to grant him additional time to file a response to the motions to dismiss and leave to file a first amended petition, which the trial

court granted. In his first amended petition, Mr. Howard sued the Bank of Blue Valley on theories of promissory estoppel, specific performance, fraud, negligent misrepresentation, breach of contract, and equitable subrogation. He sued the Turnbulls on theories of promissory estoppel, fraud, equitable contribution, breach of contract, and breach of fiduciary duty. Mr. Howard made the following allegations in his petition.

The Turnbulls and Turnbull Investments obtained business loans from Blue Valley to finance their business. The Turnbulls granted security interests in the homes purchased for their business to Blue Valley and personally executed unconditional and unlimited guarantees. Blue Valley required additional collateral so Mr. Howard, the Turnbulls, Turnbull Investments, and Blue Valley "reached an agreement in which [Mr. Howard] agreed to sign a limited guaranty to [Blue Valley] secured by a piece of real estate owned by [Mr. Howard]." Mr. Howard secured $150,000.00 of the business loans to the Turnbulls' business with his property. Mr. Howard was not an owner of the business. The Turnbulls agreed that Mr. Howard would be compensated for the guaranty by receiving five percent of the pledged collateral each year. The Turnbulls and Turnbull Investments made four payments but did not make all of the payments required under the terms of the agreement. It was also agreed that the Turnbulls would treat the money paid to the bank on their behalf as a loan and repay it with interest if the bank ever called the guaranty. Blue Valley represented that if Mr. Howard had to pay on the guaranty that it would assign all interests in the Turnbulls' notes and guarantees to Mr. Howard for collection against the

Turnbulls. The loan went into default, and Blue Valley demanded $150,000.00 from Mr. Howard; he paid the amount to prevent foreclosure on his property. He demanded partial payment from the Turnbulls, and they refused to pay.

Mr. Howard voluntarily dismissed the claims for fraud against all parties. Thereafter, the trial court dismissed the first amended petition with prejudice in a judgment dated March 8, 2007. Mr. Howard filed a motion for rehearing on motion to dismiss or motion to set aside dismissal as to the claims against the Turnbulls on April 6, 2007, and filed a second amended petition. The trial court denied the motion on May 24, 2007, at which point the judgment became final. Mr. Howard filed his notice of appeal on June 4, 2007.

Mr. Howard argues on appeal that the trial court erred in refusing to set aside its dismissal with prejudice and denying his Motion for Rehearing and/or Motion to Set Aside Dismissal because he presented facts to the trial court supporting his claim that the Turnbulls owed him monies.[1]

### Standard of Review

We review a judgment dismissing a petition *de novo*. *D.A.N. Joint Venture, III v. Clark*, 218 S.W.3d 455, 457 (Mo.App. W.D.2006). We test the adequacy of the petition to determine whether a motion to dismiss is proper. *Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo.App. E.D.2006). Thus, we assume all allegations within the petition are true, and liberally grant plaintiff "all reasonable inferences therefrom." *Id.* We do not weigh the facts to determine whether they are credible or persuasive. *Id.* In essence, we determine if the factual allegations satisfy "the elements of a recognized cause of

1. Mr. Howard does not appeal the dismissal of the actions against Blue Valley, so this appeal does not affect the favorable judgment dismissing the claims against it.

action, or of a cause that might be adopted in the case." *Id.*

## Legal Analysis

 "An order dismissing with prejudice is erroneous if the petition, reasonably construed, sets forth any theory supporting recovery." *Bracey v. Monsanto Co.,* 823 S.W.2d 946, 947 (Mo. banc 1992). The trial court erred in dismissing the petition with prejudice because the factual allegations, assuming they are true, support a theory of recovery for unjust enrichment. The elements of unjust enrichment are: "a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable." *Hertz Corp.,* 196 S.W.3d at 543.

 Mr. Howard alleged that he conferred a benefit on the Turnbulls by paying $150,000.00 of the Turnbulls' business loans, which they personally guaranteed. Mr. Howard's allegation that his payment "reduced the sums required to be paid by the Turnbulls to the bank" supports the element of appreciation of the benefit. Finally, he alleged that he had to pay the entire $150,000.00 to prevent the bank from foreclosing on his property after the Turnbulls' business, of which he is not an owner, defaulted on the loan. Additionally, he alleged that the Turnbulls agreed to treat any money he paid to the bank on behalf of the business as a loan and that the Turnbulls recognized their obligation to pay for the loan by paying interest on the pledged collateral at least four times before refusing to reimburse him $150,000.00. These allegations support the element that the Turnbulls accepted and retained the benefit under circumstances

that would render the retention inequitable. Mr. Howard stated a claim for unjust enrichment. *See Hertz Corp.,* 196 S.W.3d at 543–44. Thus, the circuit court erred in dismissing the petition with prejudice.

 Moreover, contrary to the Turnbull's argument, the fact that Mr. Howard also alleged the Turnbulls breached an agreement entitling him to repayment of the full amount does not preclude Mr. Howard from claiming in the alternative the Turnbulls were unjustly enriched. Construing the petition liberally, Mr. Howard's allegation that the Turnbulls breached an express contract is an alternative pleading to his other causes of action, which is allowable in Missouri. Rule 55.10;[2] *Boyd v. Lane,* 869 S.W.2d 305, 306–307, 308 (Mo.App. S.D.1994); *State ex rel. Scott v. Sanders,* 560 S.W.2d 899, 901 (Mo.App.1978). His breach of contract claim was sufficiently pleaded. Mr. Howard's sole point is granted.

## Conclusion

The first amended petition alleged facts that meet the elements of at least one recognized cause of action, so the motion to dismiss with prejudice was improvidently granted. *See Boyd,* 869 S.W.2d at 306. We reverse the judgment, and remand the case to the circuit court. On remand, Mr. Howard may proceed with the claims against the Turnbulls and Turnbulls Investments, pleaded in his first amended petition and may amend that petition to include an enumerated claim of unjust enrichment.

JAMES M. SMART, P.J., and RONALD R. HOLLIGER, J., concur.

2. Rule references are to Missouri Rules of Civil Procedure (2007).